UNITED STATES of America,
Plaintiff-Appellee,

v.

Dennis E. SMITH, Defendant-
Appellant (two cases).

Nos. 72–3217, 72–3218.

United States Court of Appeals,
Fifth Circuit.

June 26, 1973.

———◆———

William A. Meadows, Jr., Eugene C. Heiman, Charles L. Neustein, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., George A. Kokus, Asst. U. S. Atty., Miami, Fla., Mervyn Hamburg, Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before TUTTLE, GODBOLD and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

After a jury trial, Dennis Smith was convicted of conspiring to travel in interstate commerce to carry on an unlawful activity, and the completed substantive act of the unlawful traveling, in violation of 18 U.S.C. §§ 371, 1951 and 1952. He was sentenced to imprisonment for concurrent terms of one year. Upon due consideration, we remand for a new trial.

*Issues*

The only issue now considered is the possible misrepresentation of the government to the court and to the jury concerning the result of plea bargaining with a co-conspirator who testified as a witness for the prosecution. Other errors raised on appeal, if meritorious, are cured by the remand for a new trial and, therefore, are not considered here.

A key witness for the prosecution in the trial of Dennis E. Smith was Kenneth Wayne Smiddy, an alleged co-conspirator with Smith. A brief history of the interaction between Smiddy and the prosecution is essential for a full understanding of the facts with which this court is faced.

Smiddy, the alleged co-conspirator, was arraigned May 8, 1972, and counsel present were George A. Kokus for the government, and Daniel J. Tribell for Kenneth Wayne Smiddy. Neither the defendant Dennis E. Smith nor his counsel was present. Smiddy entered a plea of guilty after the district judge had ascertained that Smiddy had a full understanding of the proceedings and it was by his own will that he so pleaded.

During that arraignment the court stated that as a result of plea bargaining the government was recommending a sentence of not more than two years. Smiddy's attorney then informed the court that the United States Attorney had agreed that if Smiddy were cooperative in all respects regarding the government's upcoming case against Dennis E. Smith, the government would have no objection to probation.[1]

---

1. The pertinent part of Smiddy's arraignment is set out below:

Q (By the court) Do you understand that if you should plead guilty, then it will be my duty to adjudge you guilty and the maximum sentence which the Court might impose under Count I would be imprisonment up to five years and a fine of $10,000.00 or both; and that the maximum sentence which the Court might impose in Count III would be imprisonment up to five years and a fine of $10,000.00 or both; and that the said sentences could run consecutively, *but I have been advised, however, that as a result of the plea negotiations and bar-*

*gaining the Government has agreed that they would recommend to the Court that upon being adjudged guilty of these two counts the Court would not impose a sentence exceeding two years*; is that correct, sir? (Emphasis added).

A (By Mr. Kokus) That's correct, Your Honor.

    *     *     *     *     *

A (By Mr. Tribell) That is correct, Your Honor. *And the United States Attorney has confirmed that if my client is cooperative in all respects in this case the Government would have no objection to probation.* (Emphasis added).

Smiddy's arraignment transcript was not filed until November 14, 1972. Dennis E. Smith's trial was the previous June. The attorney for Dennis E. Smith was not aware that any deal had been made between the government and Smiddy until the government mentioned it four days prior to the trial of Smith. Even then neither Smith's attorney nor the trial court[2] was aware of all that was involved in that deal. Neither knew of the government's promise not to object to probation and they were never informed of this fact by the government prosecutor who did know.

The trial of Dennis E. Smith began in June of 1972, and Kenneth Wayne Smiddy was called as a witness for the government on June 21st. During direct examination of Kenneth Wayne Smiddy by the government prosecutor, Smiddy stated that the *only* deal he had with the government was that in return for a guilty plea he would only get two years in prison.[3] On direct examination then it was never mentioned that the government had promised not to oppose probation if Smiddy willingly cooperated and testified at Dennis Smith's trial.

On cross-examination of Smiddy by the defendant's counsel, Smiddy stated that he would have testified with or without the deal. The defense asked no other questions of Smiddy and never learned all that was involved in this plea bargain.

During final argument to the jury at the trial below the attorney for the defendant, in referring to the credibility of the witness Smiddy, pointed to the government's bargain with Smiddy involving only two years in prison.[4] It should be remembered that neither the defendant's counsel nor the district judge had any knowledge of the government's promise not to oppose probation. The prosecution, on rebuttal, attempted to re-establish the credibility of his witness, Smiddy, by stating:

> Wayne Smiddy and Troy Kivett made a deal with the Government. *It was for two years in a federal penitentiary. That is a fantastic deal,* ladies and gentlemen. Troy Kivett pleaded guilty to one count which he can serve up to five years in a federal penitentiary. *Is that a great deal?* (Emphasis added).

This statement, although partially true, was not the whole truth and, in fact, the sentence "It was for two years in a federal penitentiary" was such an affirmative misrepresentation as to make it, as used, absolutely false. The prosecutor who made this statement was the only party at the trial who had knowledge of the entire bargain.

---

2. It should be noted that the district judge who arraigned Smiddy and later sentenced him was not the same district judge who tried this case of Dennis E. Smith. If the same district judge had presided over all these proceedings, possibly this error would have been corrected as to misrepresentation concerning the deal made with Smiddy by the government.

3. The pertinent questions the government prosecutor, Mr. Kokus, asked Smiddy, and his answers, are set out here:

Q (By Mr. Kokus) Sir, were any promises made by the Government concerning the charges which are against you for this crime?

A (By Mr. Smiddy) Yes, sir.

Q (By Mr. Kokus) What was the promise the Government made?

A (By Mr. Smiddy) If I turned state's evidence he would break one of the charges down.

Q (By Mr. Kokus) Was there any agreement as to maximum penalty?

A (By Mr. Smiddy) Yes, sir.

Q (By Mr. Kokus) What was that agreement?

A (By Mr. Smiddy) Two years.

4. The defense attorney's remarks showing lack of further knowledge were:

. . . The Government has made a deal with one of them that he will not get more than a two-year sentence. That is Wayne Smiddy. It was subsequent to that, and this is in the evidence, subsequent to the entry of that plea and the deal with him for a two-year sentence that he went to the F.B.I. and made that statement which he has testified to here today . . .

The proof of the pudding is, however, in the eating. On August 16, 1972, Smiddy was given a sentencing hearing before the district judge who originally arraigned him. He was sentenced to two years; however, that sentence was deferred and he was placed on probation. During that hearing, the court stated to Smiddy:

> I am giving you a break now. I am inclined to send you to the penitentiary, but in view of the fact that you did testify for the Government and cooperated and all that sort of thing I am giving you a break. . . . .

It should be noted that the government attorney present was quick to point out to the court Smiddy's aid in convicting Dennis E. Smith, stating:

> . . . Mr. Smiddy testified in behalf of the Government and the defendants in the other case were convicted. During the trial in front of Judge Choate his cooperation was extensive and his testimony was very valuable.

The government then was performing its part of the bargain with Smiddy by doing all it could to ensure he received probation and not two years in prison.

The fact that this was an important part of the agreement between Smiddy and the government was never made known at the trial of Dennis E. Smith.

The government might contend it made somewhat of an attempt to apprise the court and defense counsel of what had transpired at Smiddy's arraignment hearing.[5] An examination of the trial transcript shows, however, that any disclosure made was not a full disclosure, and, therefore, falls short of the duty of the prosecutor to comply with the "rudimentary demands of justice". Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935); Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

The facts of this case then demand that Dennis E. Smith receive a new trial.

## I.

■ In order to overturn a conviction on suppression-of-evidence grounds,[6] the evidence suppressed must have been material or probative. Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.

---

5. The portion that the government might rely on as proof of its attempt to disclose the deal to the court can be seen to be in no way convincing in light of the lack of full disclosure. At the beginning of the trial the following discussion occurred:

(The government prosecutor) Brady versus Maryland has a new ruling on that; that if any pre-negotiations were entered with the co-defendant, it should be known to the court and to the defense attorney and in this case Mr. Meadows. In the case of Wayne Smiddy a plea was accepted before Judge Mehrtens of not more than two years imprisonment. It was negotiated in plea in which Judge Mehrtens concurred, and this is probably shown in the record or the court's file.
(The Court) Call my attention to that.
(Government) I am saying it for the benefit of Mr. Meadows.
(Defense) Judge, I do not know whether that is in the court file or not. I would like to see it if it is. It was not entered two weeks ago. I do not know when this

plea was entered. I was not advised of this.
(Government) Last Thursday I did.
(Defense) Your Honor, there is nothing in the court file, but I would request permission somewhere along the line that I be furnished with it so I may see it, what actually happened.
(Government) If there is anything in the record, the court reporter took it down.
(Defense) I do not see why I should have to order it.
(Government) I told him what the promise was that was made by the Government in the case; not more than two years imprisonment and that was accepted by the court in this particular case.
(Defense) This of course, happened two or three weeks ago, Your Honor, I was not advised of it until Thursday.

6. The evidence here being the information of the plea bargaining which was not made available to the defense or the court and, therefore, deprived the defense of use of this information in an attempt to discredit a key government witness.

Ed.2d 104 (1972). In *Giglio* the petitioner filed a motion for a new tral on the basis of newly discovered evidence, contending that the government failed to disclose an alleged promise of leniency made to the key witness in return for his testimony. At the hearing on this motion, the Assistant United States Attorney who presented the case to the grand jury admitted that he promised the witness that he would not be prosecuted if he testified to the grand jury and at trial. The assistant who tried the case was unaware of the promise. The Supreme Court held that neither the assistant's lack of authority nor his failure to inform his superiors and associates is controlling, and the prosecution's duty to present all material evidence to the jury was not fulfilled and constitutes a violation of due process, thus, requiring a new trial.

■ The Supreme Court has recognized that the suppressed evidence's materiality requirement may be satisfied even though such evidence would do no more than affect the credibility of a witness whose testimony prejudiced the defendant's case. Giglio v. United States, supra. It should be noted, however, that evidence, to be sufficiently material, must be useful as to discredit a key witness to the point of probably or possibly affecting the result of the trial. Link v. United States, 8 Cir. 1965, 352 F.2d 207, cert. den. 383 U.S. 915, 86 S. Ct. 906, 15 L.Ed.2d 669 (1966).

II.

The recent Fifth Circuit case of United States v. Tashman, 478 F.2d 129, 1973, 72–2273 clearly delineates the burden of responsibility carried by the government in a case such as the one before this court. Appellant contended in *Tashman* that prior to trial defense counsel was not informed that an agreement had been reached between the government and one of the co-conspirators on trial. Consummation of the government's part of the agreement was contingent upon the value of the co-conspirator's testimony against the other defendants. This circuit found that the defense had no way of combating the testimony of the government's witness, being unaware of what had occurred. United States v. Tashman, supra, at 131.

■ The facts before this court then plainly show the defense had no way of knowing all that was involved in the government's deal with Smiddy. Therefore, the government's less-than-full disclosure certainly can be seen to have the same effect here as lack of disclosure did in *Tashman*. The government failed to disclose information which had a direct hearing on the credibility of the witness.[7] Furthermore, as was stated by this circuit in *Tashman*:

> The Supreme Court has made it clear that the failure of the Government to disclose to a jury plea bargaining negotiations with a key witness deprives a defendant of constitutional due process. *Tashman,* supra, at 131.

The facts before this court present not merely a failure to disclose but also a completely untrue statement made by the government to the court and jury during the course of the trial.[8] This type of affirmative misrepresentation by an officer of the court cannot be permitted.[9] The facts misrepresented

---

7. "As the Supreme Court said in Napue v. People of the State of Illinois, 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217 (1959), 'The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness' testimony in testifying falsely that a defendant's life or liberty may depend.'" United States v. Tashman, 478 F.2d 129, 1973, No. 72–2273.

8. The government prosecutor's statement during his final argument to the jury positively stated when speaking of the bargain with Smiddy:

> . . . it was for two years in a federal penitentiary . . .

This court finds his statement to be completely untrue, especially when considered in the context in which it was made.

9. The guarantee of due process of law is one of the most important to be found in

were obviously germane to the defense counsel's impeachment argument. Two years in a federal prison seem far different from two years of freedom only on probation. This difference might easily have had an effect on how cooperative a person might be in his testimony on behalf of the government, and the jury has the right to know all facts relating to a key witness' testimony so as to be better able to judge his truthfulness.

For the reasons set out above, this case is reversed and remanded for a new trial.

the Federal Constitution or any of the amendments; it has been described as the very essence of a scheme of ordered justice. Brock v. North Carolina, 344 U.S. 424, 73 S.Ct. 349, 97 L.Ed. 456 (1953); Wolf v. Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949), ovrld. on other grounds, Brock v. North Carolina, 344 U.S. 424, 73 S.Ct. 349, 97 L.Ed. 456 (1953); Wolf v. Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949), ovrld. on other grounds, Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). The fundamental guarantee of due process is absolute and not merely relative. Hammond Packing Company v. Arkansas, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530 (1909).