## MOONEY *v.* HOLOHAN, WARDEN.

No. —, original.   Rule to Show Cause Issued November 12, 1934. Return to Rule Presented January 7, 1935.   Decided January 21, 1935.

104

*Messrs. Frank P. Walsh, John F. Finerty, George T. Davis, Murray C. Bernays,* and *Herbert D. David* were on the brief for petitioner.

*Mr. U. S. Webb,* Attorney General of California, and *Mr. William F. Cleary,* Deputy Attorney General, were on the return filed in response to the order to show cause.

106

108

Per Curiam.

Thomas J. Mooney asks leave to file petition for an original writ of *habeas corpus*. He states that he is unlawfully restrained of his liberty by the State of California under a commitment pursuant to a conviction, in February, 1917, of murder in the first degree and sentence of death subsequently commuted to life imprisonment. He submits the record of proceedings set forth in his petition for a writ of *habeas corpus* presented to the District

Court of the United States for the Northern District of California and dismissed upon the ground that the petitioner had not exhausted his legal remedies in the state court. Applications to the Judges of the Circuit Court of Appeals for the Ninth Circuit for allowance of an appeal to that Court from the judgment of dismissal have severally been denied.

Petitioner charges that the State holds him in confinement without due process of law in violation of the Fourteenth Amendment of the Constitution of the United States. The grounds of his charge are, in substance, that the sole basis of his conviction was perjured testimony, which was knowingly used by the prosecuting authorities in order to obtain that conviction, and also that these authorities deliberately suppressed evidence which would have impeached and refuted the testimony thus given against him. He alleges that he could not by reasonable diligence have discovered prior to the denial of his motion for a new trial, and his appeal to the Supreme Court of the State, the evidence which was subsequently developed and which proved the testimony against him to have been perjured. Petitioner urges that the "knowing use" by the State of perjured testimony to obtain the conviction and the deliberate suppression of evidence to impeach that testimony constituted a denial of due process of law. Petitioner further contends that the State deprives him of his liberty without due process of law by its failure, in the circumstances set forth, to provide any corrective judicial process by which a conviction so obtained may be set aside.

In support of his serious charges, petitioner submits a chronological history of the trials, appeals and other judicial proceedings connected with his conviction, and of his applications for executive clemency. He sets forth the evidence which, as he contends, proves the perjury

of the witnesses upon whose testimony he was convicted and the knowledge on the part of the prosecuting authorities of that perjury and the suppression by those authorities of impeaching evidence at their command. He also submits what he insists are admissions by the State that the testimony offered against him was perjured and that his conviction was unjustified. In amplification of these statements, he asks leave to incorporate in his petition, by reference, the voluminous details of the various proceedings as they were presented with his petition to the District Court.

In response to our rule to show cause why leave to file the petition should not be granted, the respondent has made return by the Attorney General of the State. With this return, he submits an appendix of exhibits setting forth the consent filed by the Attorney General with the Supreme Court of the State on July 30, 1917, that the judgment of conviction be reversed and the cause remanded for a new trial, the subsequent opinions of that Court upon the cases presented to it, the statements of Governors of the State on applications for executive clemency made on behalf of this petitioner and of one Billings (who had been jointly indicted with petitioner and was separately tried and convicted), and the reports of Justices of the Supreme Court of the State, and communications addressed by them, to the Governors of the State in connection with such applications.

The return does not put in issue any of the facts alleged in the petition. The return is in the nature of a demurrer. It submits that the petitioner "has failed to raise a Federal question and that, consequently, leave to file the petition should be denied." Reviewing decisions relating to due process, the Attorney General insists that the petitioner's argument is vitiated by the fallacy "that the acts or omissions of a prosecuting attorney can ever,

*in and by themselves,* amount either to due process of law or to a denial of due process of law." The Attorney General states that if the acts or omissions of a prosecuting attorney " have the effect of withholding from a defendant the notice which must be accorded him under the due process clause, or if they have the effect of preventing a defendant from presenting such evidence as he possesses in defense of the accusation against him, then such acts or omissions of the prosecuting attorney may be regarded as *resulting* in a denial of due process of law." And, " conversely," the Attorney General contends that " it is only where an act or omission operates so as to deprive a defendant of notice or so as to deprive him of an opportunity to present such evidence as he has, that it can be said that due process of law has been denied."

Without attempting at this time to deal with the question at length, we deem it sufficient for the present purpose to say that we are unable to approve this narrow view of the requirement of due process. That requirement, in safeguarding the liberty of the citizen against deprivation through the action of the State, embodies the fundamental conceptions of justice which lie at the base of our civil and political institutions. *Hebert* v. *Louisiana,* 272 U. S. 312, 316, 317. It is a requirement that cannot be deemed to be satisfied by mere notice and hearing if a State has contrived a conviction through the pretense of a trial which in truth is but used as a means of depriving a defendant of liberty through a deliberate deception of court and jury by the presentation of testimony known to be perjured. Such a contrivance by a State to procure the conviction and imprisonment of a defendant is as inconsistent with the rudimentary demands of justice as is the obtaining of a like result by intimidation. And the action of prosecuting officers on behalf of the State, like that of adminis-

trative officers in the execution of its laws, may constitute state action within the purview of the Fourteenth Amendment. That Amendment governs any action of a State, "whether through its legislature, through its courts, or through its executive or administrative officers." *Carter* v. *Texas,* 177 U. S. 442, 447; *Rogers* v. *Alabama,* 192 U. S. 226, 231; *Chicago, Burlington & Quincy R. Co.* v. *Chicago,* 166 U. S. 226, 233, 234.

Reasoning from the premise that the petitioner has failed to show a denial of due process in the circumstances set forth in his petition, the Attorney General urges that the State was not required to afford any corrective judicial process to remedy the alleged wrong. The argument falls with the premise. *Frank* v. *Mangum,* 237 U. S. 309, 335; *Moore* v. *Dempsey,* 261 U. S. 86, 90, 91.

We are not satisfied, however, that the State of California has failed to provide such corrective judicial process. The prerogative writ of *habeas corpus* is available in that State. Constitution of California, Art. I, § 5; Art. VI, § 4. No decision of the Supreme Court of California has been brought to our attention holding that the state court is without power to issue this historic remedial process when it appears that one is deprived of his liberty without due process of law in violation of the Constitution of the United States. Upon the state courts, equally with the courts of the Union, rests the obligation to guard and enforce every right secured by that Constitution. *Robb* v. *Connolly,* 111 U. S. 624, 637. In view of the dominant requirement of the Fourteenth Amendment, we are not at liberty to assume that the State has denied to its court jurisdiction to redress the prohibited wrong upon a proper showing and in an appropriate proceeding for that purpose.

The decisions of the Supreme Court of California in relation to petitioner's conviction have dealt with the ques-

tions presented to that Court within the limitations of particular appellate procedure. When there was submitted to that Court the consent of the Attorney General to the reversal of the judgment against petitioner and to the granting of a new trial, the Court pointed out that no motion had been made by the defendant and that his appeal was awaiting hearing. *People* v. *Mooney,* 175 Cal. 666; 166 Pac. 999. When, again in advance of the hearing of his appeal, the defendant made his motion solely upon the ground of the Attorney General's consent, the Court held that its jurisdiction on appeal was limited to a determination whether there had been any error of law in the proceedings of the trial court and that the Court was confined to the record sent to it by the court below. *People* v. *Mooney,* 176 Cal. 105; 167 Pac. 696. On the appeal, the Court thus dealing with the record before it, found that the verdict was supported by the testimony presented and that no ground appeared for reversal. *People* v. *Mooney,* 177 Cal. 642; 171 Pac. 690. When, later, the defendant moved to set aside the judgment, and sought a certificate of probable cause on his appeal from an order denying his motion, the Court held that the general averments against the fairness of the trial were insufficient, but the Court did not place its denial of the application entirely upon that ground. The Court concluded that the proceeding by way of motion to set aside the judgment after it had become final and a motion for a new trial had been denied, and the time therefor had expired, was " in the nature of an application for a writ of *coram nobis,* at common law." The Court thought that such a writ did not lie to correct any error in the judgment of the Court nor to contradict or put in issue any fact directly passed upon and affirmed by the judgment itself. The Court, adopting the opinion of the court below, concluded that the judgment could not be set aside because it was predicated upon

perjured testimony or because material evidence was concealed or suppressed; that the fraud in such a case was not such fraud as was " extrinsic to the record " and that it was only in cases of extrinsic fraud that the relief sought could be had. It was apparently in relation to such an application that the Court said that the injured party was " without remedy." *People* v. *Mooney,* 178 Cal. 525; 174 Pac. 325. And it was with respect to that proceeding, that the writ of certiorari was denied by this Court. *Mooney* v. *California,* 248 U. S. 579. The subsequent communications from the Justices of the Supreme Court in connection with applications for executive clemency were of an advisory character and were not judicial judgments under the requirements of the Constitution of the United States.

We do not find that petitioner has applied to the state court for a writ of *habeas corpus* upon the grounds stated in his petition here. That corrective judicial process has not been invoked and it is not shown to be unavailable. Despite the many proceedings taken on behalf of the petitioner, an application for the prerogative writ now asserted to be peculiarly suited to the circumstances disclosed by his petition has not been made to the state court. Orderly procedure, governed by principles we have repeatedly announced, requires that before this Court is asked to issue a writ of *habeas corpus,* in the case of a person held under a state commitment, recourse should be had to whatever judicial remedy afforded by the State may still remain open. *Davis* v. *Burke,* 179 U. S. 399, 402; *Urquhart* v. *Brown,* 205 U. S. 179, 181, 182; *U. S. ex rel. Kennedy* v. *Tyler,* 269 U. S. 13, 17. See, also, *Bryant* v. *Zimmerman,* 278 U. S. 63, 70.

Accordingly, leave to file the petition is denied, but without prejudice.

*Leave denied.*