WILLIAM GEORGE, PROSECUTOR, v. AUGUST ZIEGENER, JUDGE OF THE HUDSON COUNTY QUARTER SESSIONS, AND JOHN R. LONGO, RESPONDENTS.

Argued October 2, 1946—Decided January 16, 1947.

Before Justices BODINE, PERSKIE and WACHENFELD.

For the prosecutor, *George P. Moser.*

For the respondents, *Raymond Chasan,* for John R. Longo; *Horace K. Roberson* (*William W. Wimmer,* of counsel), for the State of New Jersey.

PER CURIAM.

This writ of *certiorari* brings up for review an order of Hudson County Court of Quarter Sessions vacating the conviction of John R. Longo and granting a new trial.

The respondent Longo, having been previously indicted with one J. Owen Grundy, was convicted on November 15th, 1943, in the Hudson County Court of Quarter Sessions for the offense of fraudulent alteration of voting records. At the time of trial his counsel withdrew from the case because the chief witness against Longo was Grundy, whom counsel also represented.

Several employees of the register's office testified at the trial that Longo and Grundy went to the election register books and after their departure, upon examination, they found the political designation after Longo's name marked "Democrat" and that the paper was damp and rough. Checking with their poll books they discovered Longo was registered

as a Republican and changed the records accordingly. Grundy testified that in January, 1942, he, at Longo's solicitation, went with Longo to the election register books and changed the political designation after Longo's name from Republican to Democrat in order to enhance the latter's chances of receiving a political appointment. At the time of trial the public prosecutor knew that Grundy had previously testified before the grand jury denying knowledge of the alteration of the register books.

Longo was convicted by a jury in November, 1943, and sentenced in December, 1943. The conviction was affirmed by the Supreme Court in March, 1945, *State* v. *Longo,* 132 *N. J. L.* 515, and affirmed by the Court of Errors and Appeals in October, 1945, 133 *N. J. L.* 301. An application was made to the Court of Pardons and on November 5th, 1945, clemency was denied. Application was then made to the County Court of Quarter Sessions for a rule to show cause why a new trial should not be had and the rule was allowed on November 16th, 1945.

After hearings were held, on January 22d, 1946, an order was issued vacating the conviction and allowing a new trial. The court held the failure of the public prosecutor to disclose the fact that Grundy, the state's principal witness, had testified under oath before the grand jury differently from his testimony at the trial constituted a deliberate fraud upon the trial court and jury and as a result thereof the respondent Longo was deprived of a fair and legal trial.

The right of Mr. George to prosecute this action is seriously questioned upon the theory that at common law and by our statutes the criminal business of the state is prosecuted exclusively by the prosecutor of the pleas or, in his absence, by the Attorney-General of the state, and if Mr. George is recognized by this court such intervention establishes a dangerous precedent and an incursion upon the sovereign rights of the state.

We feel bound by the decision of this court holding the status of Mr. George sufficient and reciting that the importance of the question involved warranted the issuance of the writ on the court's own motion.

The ground upon which the court below acted in ordering a new trial was the failure of the prosecutor to disclose the prior inconsistent statements made before the grand jury by Grundy, the state's principal witness. There is no proof that the prosecutor presented evidence to the court which he thought or knew was false. He was aware of the inconsistent prior statements made by Grundy but apparently believed with justification that the testimony presented at the trial was true.

Grundy had informed the prosecutor that he deliberately lied before the grand jury to protect his lifelong friend, the respondent in this case. Although this conversation between Grundy and George might be hearsay as against the defendant, it is nevertheless to be considered as to the good faith of the prosecutor and as bearing on why he did not inform the respondent of certain facts of which he thought Longo was already cognizant.

It is not unusual to encounter such situations in the prosecution of criminal cases. Accomplices frequently try to shield their principals and quite customarily at first deny their guilt and participation as well as the guilt of those charged with them. We are not prepared to say that under these circumstances a prosecutor is legally bound to reveal that a witness called by the state had made statements at some previous time conflicting with his then testimony unless he believed or had reason to believe that the testimony offered at the trial was false and contrary to the fact. The duty imposed upon him is to present to the court and jury all of the true, competent and legitimate evidence, from which they may determine the truth of the issues involved.

In *Mooney* v. *Holohan,* 294 *U. S.* 103; 55 *Sup. Ct.* 340, the court indicated relief would be granted "* * * if a state has contrived a conviction through the pretense of a trial which in truth is but used as a means of depriving a defendant of liberty through a deliberate deception of court and jury by the presentation of testimony known to be perjured."

The instant case does not come within this classification. There is nothing to indicate that the trial testimony of

Grundy was "known to be perjured" nor did the court below so find. The evidence discloses Grundy had committed perjury before the grand jury but testified truthfully at the trial.

In *State* v. *Tolla,* 73 *N. J. L.* 249, after a conviction of murder an application for a new trial was made on the basis of fraud. Although the case as reported does not show the facts, in the certification from the Oyer to the Supreme Court it appears that the prosecuting attorney knew and failed to disclose at the trial that one of the coroners sworn as a witness on behalf of the state immediately after the shooting had found a loaded revolver in the victim's pocket. The court held that in the absence of fraud the power of the trial court to award a new trial expired with the term.

In the instant case the prosecutor contends that at the time Grundy testified before the grand jury, he and Longo were intimate friends and had been for many years and that Grundy not only attempted to save himself and his friend from indictment but took credit for such efforts and so informed Longo. There is some evidence showing Longo has such knowledge at the time of the trial but we do not think it is necessary to dispose of this question in view of the conclusions we have already reached. There was no fraud committed by the failure to disclose the prior inconsistent statements.

In view of our finding, the question as to the effect and scope of *R. S.* 2:190–16, which purports to limit the time within which a new trial may be granted in criminal cases, is immaterial.

The order of the Court of Quarter Sessions awarding a new trial is set aside and vacated.