## SNELL v. MAYO.
### No. 12649.

United States Court of Appeals
Fifth Circuit.
April 4, 1949.

Oliver Snell, in pro. per.

Richard W. Ervin, Atty. Gen. of Fla. and Reeves Bowen, Asst. Atty. Gen. of Fla., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

PER CURIAM.

According to the petition for habeas corpus Snell was arrested Dec. 28, 1941, without a warrant for a murder, was not carried promptly before a committing magistrate but held incommunicado for ten days, his shoes taken from him for comparison with tracks near the scene of the murder, and his pants were also taken to test for blood stains on them. He was also

questioned, and the sheriff testified to over-hearing some incriminating statement later made at a time when Snell, having attempted suicide by cutting his wrists was weak from a loss of blood. Indictment was returned for murder in the first degree March 13, 1942. The next day the court having found Snell unable to employ counsel appointed him one who served. The trial was had April 8, 1942, and the verdict was murder in the second degree, and sentence was imposed of thirty years imprisonment, which apparently was acquiesced in till March 7, 1946, when a writ of error coram nobis was denied and the Supreme Court of Florida affirmed, April 5, 1948. Habeas corpus was then sought in the court of conviction, was denied and appeal refused. On July 12, 1948, the present petition was made to the district judge, who refused the writ because no sufficient cause was alleged. A motion for rehearing, with an amendment, was entertained, with the same result.

 The federal court has no function on habeas corpus to pass on the sufficiency of the indictment or of the evidence or on errors in the admission of evidence, but only on the question whether the trial was void for lack of due process of law. The holding of the accused incommunicado and the mistreatment of him as alleged before indictment did not in themselves vitiate the trial. The want of a committal trial also did not impair the final trial. Counsel was appointed the day after the indictment was returned and twenty-five days before the trial, and no further delay was asked or needed so far as appears. The confession or admission testified to by the sheriff was overheard and not extorted, and its competency as evidence was for the trial court, as was the use of accused's shoes to compare with tracks. The only colorable contention, framed under Mooney v. Hollohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406, is that the prosecuting attorney knowingly used perjured testimony tending to connect accused with the killing. This charge is boldly made in the amendment but is supported only by inference as against the prosecuting attorney, and whether the evidence was in fact perjured was an issue in the trial. The trial under

the facts alleged did not fail to afford a full and fair opportunity to show the truth and was not lacking in due process of law under the Fourteenth Amendment.

Judgment affirmed.