[Crim. No. 5632.   July 29, 1954.]

In re CARYL CHESSMAN, for Stay of Execution.

Berwyn A. Rice for Appellant.

CARTER, J.—An application has been presented to me for a stay of execution pending the determination of a petition for a writ of certiorari to the Supreme Court of the United States to review the denial of an application to the Supreme Court of California for a writ of habeas corpus on July 21st, 1954.   Said application is based upon the claim that the transcript on appeal from Chessman's conviction in the Superior Court of Los Angeles County was inaccurate due to the inability to correctly transcribe the notes of the official court reporter who died before approximately 1,200 pages of his reporter's notes were transcribed, and that the inaccuracy of this transcription was known to the prosecuting officials at the time the transcript was approved by the trial court and presented to the Supreme Court of California.

It appears from said application that the alleged fraudulent procurement of said transcript was not known to petitioner until June of this year and the facts in connection therewith were never presented to any court until the petition for a writ of habeas corpus was filed in the Supreme Court of California on July 16th, 1954.

In my opinion the application presents a serious constitutional question under the due process clauses of both the Constitutions of the United States and California, as I can see no distinction between the knowing presentation by the prosecution of perjured testimony in a criminal case and the knowing submission of an inaccurate record on appeal in a death penalty case (see *Mooney* v. *Holohan*, 294 U.S. 103 [55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406]).

█ The statutes of this state make it mandatory that the Supreme Court of California review the entire record in every case in which the death penalty is imposed and render a decision based upon such record.

█ To my mind it is a clear and obvious violation of the due process provisions of both the federal and state Constitutions for the Supreme Court of California to decide a death penalty case upon an incomplete or inaccurate record where such record is procured by the fraudulent connivance of prosecuting officials. This is the legal proposition in Chessman's petition for a writ of certiorari and stay of execution, and in my opinion he should have an opportunity to have the Supreme Court of the United States consider his petition for certiorari which squarely presents this issue.

I have therefore granted Chessman a stay of execution pending the determination by the Supreme Court of the United States of the merits of his petition for a writ of certiorari.