UNITED STATES ex rel. Louis
BEVILACQUA

v.

Frederick G. REINCKE, Acting Warden,
Connecticut State Prison.

Civ. A. No. 6345.

United States District Court
D. Connecticut.

Sept. 25, 1956.

See, also, D.C. 147 F.Supp. 933.

Harry Cooper, Hartford, Conn., for petitioner.

Lorin Willis, State's Atty. for Fairfield County, Bridgeport, Conn., for respondent.

J. JOSEPH SMITH, Chief Judge.

Petitioner, Louis Bevilacqua, is serving two sentences for armed robbery committed on January 13 and January 15, 1954. He has alleged his exhaustion of state remedies in his petition for a writ of habeas corpus.

Bevilacqua in this enthusiastic, but singularly inarticulate petition, has seemingly raised two grounds for the issuance of the writ. First, Bevilacqua alleges that the state knowingly used perjured testimony to convict him and attaches to his writ a statement by John Haborak, one of the State's witnesses at Bevilacqua's trial, which admits this perjury. The knowing use of perjured testimony by the prosecutor in a state trial is a denial of due process of the Fourteenth Amendment. Mooney v. Holohan, 1935, 294 U.S. 103, 55 S.Ct. 340, 79 L. Ed. 791; Hysler v. State of Florida, 1941, 315 U.S. 411, 316 U.S. 642, 62 S. Ct. 688, 86 L.Ed. 932.

Secondly the petitioner claims a denial of due process in that he was represented by inadequate counsel at his trial. Whether or not the denial of effective counsel at a state, noncapital trial is a denial of due process is a question of fact which this court must decide. Gallegos v. State of Nebraska, 1951, 342

U.S. 55, 72 S.Ct. 141, 96 L.Ed. 86. Generally mere error or negligence on the part of counsel is not a denial of due process, United States ex rel. Hamby v. Ragen, 7 Cir., 1949, 178 F.2d 379, but these questions cannot be settled without a hearing.

The motion for permission to proceed in forma pauperis is granted, the petition for writ of habeas corpus may be filed and petitioner may proceed without payment of filing fee or costs.