Hymah Barshay, J.
This is an application in the nature of a writ of error coram nobis to vacate and set aside a judgment dated June 8, 1948, convicting the defendant, after trial, of the crime of robbery in the first degree, grand larceny in the first degree and assault in the second degree, and sentencing him to a term of not less than 15 nor more than 30 years in State prison. He bases his application on the ground that the District Attorney knowingly used the false and perjurious testimony of a principal witness.
In 1956 the defendant made a similar application upon the ground that the same witness had testified falsely but he made no claim that the testimony was used with the knowledge of the District Attorney. In fact, in his petition he stated “ that the District Attorney was duped into putting the above-referred to ivitness on the stand as an accomplice ’ ’ and further alleged “ that the judgment of conviction is illegal and a nullity, on the ground that it was founded upon perjured testimony unknowingly used by the prosecuting attorney The defendant was granted a hearing and the minutes contain the following colloquy between the court and his counsel:
*65 ‘1 the court : What do yon claim here, Mr. Berman?
‘ ‘ mr. berman : My understanding of the petition, and of the papers that this petitioner prepared, is that he contends that perjured testimony was used in the prosecution of the case against him at the time he was convicted in this court. I do not find any allegation indicating any charge of the same having been knowingly used. Quite to the contrary, it indicates that the District Attorney was duped into the use of perjured testimony.”
The application was denied by an order dated March 14,1957. The defendant’s appeal from that order was dismissed on January 14, 1958 for lack of prosecution. A subsequent motion for the assignment of counsel and other relief was denied on the ground that no appeal was then pending (People v. Burrell, 13 A D 2d 542). On April 11, 1961, Chief Judge Desmond, of the Court of Appeals, denied defendant’s motion to appeal from that order on the ground that such an order was not appealable.
In the present application, the defendant claims for the first time that the false and perjurious testimony of the witness was knowingly used by the District Attorney. This allegation is obviously a fabrication to bring him within the established rule of law that coram nobis will not lie unless there is a finding that perjured testimony was knowingly used by the District Attorney (Mooney v. Holohan, 294 U. S. 103; People v. Steele, 65 N. Y. S. 2d 214; People v. Oddo, 300 N. Y. 649; People v. Fanning, 300 N. Y. 593). The application is denied.