Fuld, J.
(dissenting). I am reluctant to vote for affirmance in this case in view of the conceded nondisclosure and concealment by the prosecntion of evidence which, in my judgment, might well have persuaded the jurors to reach a different verdict. Although the defendant points to several such items, I direct myself to but one of them. The record reveals that a Mrs. Dagmar Generazio had given the prosecution information which was at odds with the trial testimony of the People’s key witness, Gloria Kendal, and that such information had not been disclosed to the jury or to the defense. Such information suggested — or, at least, so the jury could have found — that Gloria, or some other person whom she knew, and not the defendant, was responsible for the murder and thus had a strong motive to accuse him of the crime. Since the case against the defendant admittedly depended on the testimony of Gloria, there is heightened significance in the fact, likewise not revealed, that Gloria had actually been confronted with this information, as well as by Mrs. Generazio herself, in the district attorney’s office immediately before she recanted (for the second time) her story against the defendant.
The concept of fairness, of due process, imposes upon the prosecution a duty to apprise the defense of evidence favorable to the accused, particularly when such evidence contradicts the testimony given by the People’s witnesses in open court. (See Brady v. Maryland, 373 U. S. 83, 87; Napue v. Illinois, 360 U. S. 264; Alcorta v. Texas, 355 U. S. 28; Mooney v. Holohan, 294 U. S. 103; Levin v. Katzenbach, 363 F. 2d 287; Barbee v. Warden, 331 F. 2d 842; People v. Robertson, 12 N Y 2d 355; People v. Zimmerman, 10 N Y 2d 430; People v. Savvides, 1 N Y 2d 554.) This duty persists even though the defense might, by dint of a little more effort, have independently uncovered the evidence in question and even though the district attorney regards it as lacking in probative force or worthless. The prosecution is not privileged “ to decide for the court what is admissible or for the defense what is useful ”. (Griffin v. United States, 183 F. 2d 990, 993.)
The argument that disclosure would not have changed the verdict “ overlooks the variant functions to be performed by jury and reviewing tribunal”. (People v. Savvides, 1 N Y 2d 554, 557, supra.) It is for jurors, not judges of an appellate *178 court snclt as ours, to decide the issue of credibility, and we should be particularly observant of this principle in the case before us, where disclosure might well have impeached the one witness without whom there would admittedly have been no prosecution. In this view, it ‘ ‘ matters little ’ ’ that the district attorney’s silence was not the result of guile or a desire to prejudice, (People v. Savvides, 1 N Y 2d 554, 557, supra.) “ The principle of Mooney v. Holohan [294 U. S. 103, supra],” as the Supreme Court has pointedly observed (Brady v. Maryland, 373 U. S. 83, 87, supra), “is not punishment of society for misdeeds of a prosecutor but avoidance of an unfair trial to the accused.”
I would reverse and order a new trial.
Chief Judge Desmond and Judges Van Voorhis, BuRKe, Scileppi and Bergan concur with Judge Keating; Judge Fuld dissents in a separate opinion.
Judgment affirmed.