BARHAM, Justice
(dissenting).
Under the rationale of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), I must conclude that defendant’s only bill of exceptions has merit and that this defendant was denied due process of law. After a homicide, the defendant immediately called the police, admitted the killing, but stated facts leading up to the homicide that could establish self-defense. The police officials had defendant’s statement that he shot the victim when she collared him and began hitting him with a shortened broom handle.* They had in their possession a broken maroon broom with blood on it and a bloody rag which had been found by the apartment manager on the day of the shooting in the garbage container behind the apartment. The police had picked up a green-handled, unbroken broom which the State introduced into evidence as the only object in the hand of the victim when she was shot. Certainly fair and equal treatment of this defendant demanded that the police officials test the other broom for fingerprints and blood type in an effort to determine whether it was the broom handle weapon of which the defendant spoke.
It was said in Brady :
* * * In Napue v. Illinois, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 [1221], we extended the test formulated in Mooney v. Holohan, [, 294 U.S. 103, 55 S. Ct. 340, 79 L.Ed. 791] when we said: ‘The same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears.’ * * *
“We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.
“The principle of Mooney v. Holohan is not punishment of society for misdeeds of a prosecutor but avoidance of an unfair trial to the accused. Society wins not only when the guilty are convicted but when *547 criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly. * * * ”
If these holdings require that the defendant must timely request evidence favorable to him, I note that this defendant was unable to keep counsel. Appointed counsel who stayed with the defendant through the trial was not assigned until approximately five months after the crime. Under the circumstances I do not believe this defendant could have acted sooner in making his request. This defense counsel filed the motion to quash on the basis of suppression of favorable evidence after the request through the district attorney for blood examination and fingerprint examination of the broom handle was not complied with because the delay in examination had destroyed any ability to successfully make such examinations. The contention of the defense, with which I agree, is that the prosecution’s permitting the evidence to be stored away without proper examination and classification is tantamount to the suppression of evidence by reason of the destruction of the evidence.
The majority opinion points out that since no bleeding was evidenced by defendant, it was not necessary to test the blood sample to ascertain its type. This answer misses the argument made by defendant. He contends that if he had been able to establish that the broken broom handle was the one used by the victim as he said in his statement, then he would have had strong evidence to support his plea of self-defense. The victim’s fingerprints or the victim’s blood would have established that it was this broken and pointed broom handle that had been used, and not the whole broom found by the police in the hall of the apartment building. Such evidence would certainly have strengthened, if not maintained, the plea of self-defense.
For this reason I dissent.

 The defendant’s statement given voluntarily immediately after the crime was recorded on tape. There is some argument that the defendant not only said that the broom handle was “shortened” hut said it was “sharpened”. The trial judge apparently believed that what lie heard from the tape was only the word “shortened”. The transcription of the tape made by the court reporter reads as follows:
“ * * * she collared me here so I couldn’t run; she collared me; and I had a little pistol in my back pocket. I just took it out, and I didn’t say anything to her and she had a handle in her hand and she rapped me once like that with it, and I just went on and— sir?
“Q With what kind of handle,
“A A broom — broom handle.
She had it shortened and she had it shortened; she went to hit me; she hit me once like that, and I shot her, and she wouldn’t let go of me; and I think I shot it again. She fell and I went on to my place and I called the law.” (Emphasis supplied.)