COMMONWEALTH *vs.* PAUL A. ZEIGLER. January 23, 1980. The defendant appeals from his convictions of manslaughter, procuring the burning of a dwelling house (G. L. c. 266, § 1), and procuring the burning of a building to defraud an insurer (G. L. c. 266, § 10), and from the denial of his motion for a new trial. The defendant's principal thrust on appeal is directed toward certain alleged failures on the part of the Commonwealth to disclose several matters which he asserts were material to his defense. See *Brady* v. *Maryland,* 373 U.S. 83, 87 (1963); *Commonwealth* v. *Earl,* 362 Mass. 11, 15 n.4 (1972). We think the defendant has "failed to sustain the burden of proving an impropriety on the part of the prosecution." *Commonwealth* v. *Lombardo,* 2 Mass. App. Ct. 667, 673 (1974). See *Moore* v. *Illinois,* 408 U.S. 786, 794-795 (1972); *Commonwealth* v. *Gilday,* 367 Mass. 474, 487 (1975). Compare *Commonwealth* v. *Walker,* 379 Mass. 297, 304 (1979).

1. The defendant claims that the Commonwealth purposefully failed to disclose a material part of its agreement with a key prosecution witness, one George Lincoln. We disagree. The motion judge, who had presided at the trial, concluded here on sufficient evidence that the "Commonwealth . . . met its constitutional duty to disclose to the defendant the existence of any 'deal' [between] a witness and the government." See *Giglio* v. *United States,* 405 U.S. 150, 154 (1972). Contrast *Commonwealth* v. *Nelson,* 3 Mass. App. Ct. 90, 97-101 (1975), S.C., 370 Mass. 192, 195 (1976). Lincoln testified at trial that promises of recommendations of no incarceration had been made to him with respect to the "seventeen indictments pending against [him]" at that time. At the hearing on the motion for a new trial Lincoln testified that his understanding of the agreement was that "if any indictments came against me" the Commonwealth would recommend that he not be incarcerated. The motion judge found, however, that the "Commonwealth reached its agreement with Lincoln before any indictments had been brought against [him]." The judge also found that "no further indictments were brought against Lincoln [after trial], nor was any promise made that charges would not be brought against him for other crimes." In these circumstances, the defendant cannot be heard to say that there was a "deliberate deception of court and jury by the presentation of testimony known to be perjured." *Mooney* v. *Holohan,* 294 U.S. 103, 112 (1935), or that the Commonwealth allowed false evidence "to go uncorrected when it appear[ed]," *Napue* v. *Illinois,* 360 U.S. 264, 269 (1959), or that defense counsel was misled. See and compare, *Commonwealth* v. *Daigle,* 379 Mass. 541, 546-548 (1980).

Moreover, Lincoln's testimony at trial that his "deal" .with the Commonwealth did not cover the alleged murder in an unrelated arson is not inconsistent with his understanding of the agreement (and the actual state of events as found by the motion judge). His testimony at the motion hearing that he did not "think that anyone intends to indict me any further than what I've already been indicted" is consistent with and corroborated by his other testimony at trial that after he had concluded testifying at all the arson-related trials, he and his family would be relocated under assumed names in another part of the country. Thus, when his answers are viewed in context it seems evident that there was no expectation on Lincoln's part of any further indictments by the Commonwealth, apart from the seventeen already pending.

2. The defendant argues next that the Commonwealth failed to disclose (a) statements of Lincoln concerning his other criminal activity, (b) a letter containing observations of the mental behavior of Lincoln, and (c) grand jury testimony of one James DeFuria. Those failures, the defendant asserts, violated his constitutional right, as his pretrial motion for exculpatory evidence had been allowed by the court. See *Commonwealth* v. *Dabrieo,* 370 Mass. 728, 742-744 (1976). There was no error. Compare *Commonwealth* v. *Pisa,* 372 Mass. 590, 593-596, cert. denied, 434 U.S. 869 (1977).

The motion judge found that no specific request (see and compare *Commonwealth* v. *Ellison,* 376 Mass. 1, 23 & n.13 [1978]) was made for mental records concerning Lincoln and that the court was not made aware, either before or during trial, of the defendant's desire for the grand jury testimony of DeFuria. He also found that in response to a request for statements of witnesses upon which the Commonwealth intended to rely at trial, defense counsel was furnished the only statement among the many made by Lincoln which implicated the defendant or "related to the subject matter of Lincoln's testimony at trial." In addition, the judge went on to find as to (a) and (c) above that any material alleged to have been withheld was either merely corroborative of a tangential issue (see *Commonwealth* v. *Adrey,* 376 Mass. 747, 754-755 [1978]) or known to defense counsel before or during trial. Moreover, none of the three claims discussed in this part of the opinion tends to undercut or diminish the extremely inculpatory testimony of an alleged accomplice, one Nicholas Shaheen. We thus agree with the motion judge that the purported nondisclosed material did not "create[] a reasonable doubt that did not otherwise exist." See *Commonwealth* v. *Pisa, supra* at 595-596.

3. The defendant next challenges the admission in evidence at trial of various conversations of Lincoln with Shaheen and DeFuria. We pass the question whether the defendant's single objection covers all three conversations because it is quite clear that the conversations were admissible on a common criminal enterprise theory (see *Commonwealth* v. *Pleasant,* 366 Mass. 100, 103-104 [1974]), and, as the indictment for fraud indicates,

the common venture carried forward into the concealment phase. *Commonwealth* v. *White*, 370 Mass. 703, 709-710 n.8 (1976).

4. We have reviewed the defendant's assignments of error which are not based on an exception only to ascertain if there was a "substantial risk of a miscarriage of justice." *Commonwealth* v. *Freeman*, 352 Mass. 556, 564 (1967). There was none.

*Judgments affirmed.*

*Order denying motion for new trial affirmed.*

*Harvey R. Peters* for the defendant.
*Joseph P. Gordon, Jr.*, Assistant Attorney General, for the Commonwealth.