Doi PHUNG, Petitioner—Appellant,

v.

Gary LINDSEY, Warden; Salinas Valley State Prison; Attorney General, State of California, Respondents—Appellees.

No. 00–55588.

D.C. No. CV–98–00059–GLT–EE.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2001.*

Decided Sept. 25, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed.

R.App. P. 34(a)(2).

Before FERNANDEZ, KLEINFELD, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Petitioner–Appellant Doi Phung was convicted of murder, street terrorism, possession of stolen property, and carrying a loaded firearm for his role in killing a fifteen-year-old innocent bystander during gang warfare. He appeals the district court's denial of his petition for a Writ of Habeas Corpus.

Because Phung filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Phung must show that the state court's decision on the merits "resulted in a decision that was contrary to or involved an unreasonable application of clearly established [f]ederal law, as determined by the Supreme Court of the United States."[1] An "unreasonable application of clearly established Federal law" occurs where a state court's application of Supreme Court law is "clearly erroneous."[2]

Phung first claims that he was denied the effective assistance of counsel because his trial counsel (1) stipulated to the admission into evidence of transcripts of police interviews with two other gang members and (2) decided not to call several witnesses to testify. To prevail on his ineffective assistance claim, *Strickland v. Washington* requires Phung to show that his attorney's conduct fell below a standard of objective reasonableness and thus prejudiced the petitioner.[3] In applying *Strickland,* we show deference to the ac-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Shackleford v. Hubbard,* 234 F.3d 1072, 1077 (9th Cir.2000) (citing 22 U.S.C. § 2254(d)(1)).

2. *Van Tran v. Lindsey,* 212 F.3d 1143, 1153–54 (9th Cir.2000) (discussing *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)).

3. 466 U.S. 668, 687–688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

tions of trial counsel and do not engage in "second-guessing" or question what might be "sound trial strategy."[4]

We reject Phung's claim that his trial counsel, Mark Naughton, was ineffective for stipulating to the admission of the tapes. Naughton was faced with the task of proving self-defense without Phung's testimony.[5] He chose to show the jury that Phung was in a gang and thus would reasonably perceive the situation in which he found himself to be a drive-by shooting and an imminent attack on his life. Although the stipulated-to testimony indicated that Phung had fired first, it also provided facts supporting Naughton's theory, facts the jury otherwise would not hear.[6] The state court found that Phung's counsel weighed his alternatives and strategically chose to stipulate to the tapes. The court thus did not clearly err in finding that Naughton provided effective assistance.

Phung's next attack on Naughton also fails. Phung claims that Naughton provided ineffective assistance by failing to seek admission of transcripts of the police interview of another gang member, Loi Van Nguyen, and by failing to call three additional eyewitnesses to testify. The trial court found that Naughton's decision not to seek admission of Loi Van Nguyen's statements amounted to effective assis-

tance, and we do not find this to be clear error. As to the testimony from the three other eyewitnesses, while a lawyer has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary,"[7] a particular decision not to investigate may nevertheless be reasonable under the circumstances.[8] Here, the district court[9] found that these witnesses' statements would have been marginally helpful to Phung, at best. It was thus not clear error to find that Naughton was effective despite avoiding introduction of this witness testimony.

Phung's second habeas claim is that the prosecutor committed misconduct by arguing, at Phung's trial, that Phung was the aggressor, and then arguing, at the trial of Phung's rivals, that Phung had been ambushed. Prosecutors have a duty to ensure fundamentally fair trials by, among other things, resisting the temptation to knowingly use false evidence against a defendant in a proceeding.[10] As an extension of this principle, the Ninth Circuit has ruled that a prosecutor violates due process by pursuing "fundamentally inconsistent theories in separate trials against separate defendants charged with the same murder... if the prosecutor knowingly uses false evidence or acts in bad faith."[11] This Court has emphasized

**4.** *Id.* at 689.

**5.** As Phung had lied to Naughton and told him several different versions of what happened, Naughton reasonably did not advise Phung to testify.

**6.** Naughton did not believe that who fired first was important to his theory.

**7.** *Sanders v. Ratelle,* 21 F.3d 1446, 1456 (9th Cir.1994) (quoting *Strickland,* 466 U.S. at 691) (finding ineffective assistance of counsel in murder case where counsel failed to interview or call as a witness defendant's brother, who confessed on several occasions, that he, not defendant, was the murderer).

**8.** *Id.*

**9.** While Phung raised this issue in his state habeas petition, the state court denied his petition without addressing it. We therefore look to the district court's denial of Phung's habeas petition and review these factual findings for clear error.

**10.** *See Mooney v. Holohan,* 294 U.S. 103, 112–13, 55 S.Ct. 340, 79 L.Ed. 791 (1935).

**11.** *Nguyen v. Lindsey,* 232 F.3d 1236 (9th Cir. 2000)

that reversal in such a situation is required only where the prosecutor presents theories that are "totally inconsistent," and not "where the underlying theory 'remains consistent.' "[12]

We addressed this exact issue on these exact facts in *Nguyen v. Lindsey*, Loi Van Nguyen's appeal from his conviction for murder due to his role in the same gun battle for which Phung was convicted.[13] We there held that it was not prosecutorial misconduct for the prosecutor to argue at each separate trial that each party had been the initial aggressor. We reasoned that the prosecutor's overall theory of the case that a shot from Phung's weapon killed a fifteen-year-old innocent bystander in the mutual combat situation of voluntary gang warfare-was consistent.[14] We find no reason in the record before us to reach a different result and thus find no prosecutorial misconduct.

The petition for a writ of habeas corpus is DENIED.

---

**12.** *Thompson v. Calderon*, 120 F.3d 1045, 1059 (9th Cir.1997), *rev'd on other grounds*, 523 U.S. 538, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998) (quoting *Haynes v. Cupp*, 827 F.2d 435, 439 (9th Cir.1987)).

