**Rolando TORRES, Petitioner,**

v.

**Gary GREENE, Warden, Marcy Correctional Facility, Respondent.**

**No. 03 Civ. 1644(VM).**

United States District Court, S.D. New York.

Nov. 3, 2003.

Rolando Torres, Marcy, NY, pro se.

### DECISION AND ORDER

MARRERO, District Judge.

A Bronx County jury convicted petitioner Rolando Torres ("Torres") of second-degree attempted murder, first-degree assault, and second-degree criminal weapons possession, for which he is serving up to 12 years in prison. Torres, incarcerated at the New York State (the "State") Marcy Correctional Facility and proceeding here *pro se*, petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254 on the ground that his conviction was obtained in violation of the Due Process Clause of the United States Constitution. Specifically, he alleges that the evidence

supporting his conviction was insufficient and that the prosecution failed to correct false witness testimony. For the reasons set forth below, the petition is denied.

## I. *BACKGROUND*

Torres shot his drug dealer in the neck in the early morning hours of May 16, 1997. The drug dealer, Luis Royo ("Royo"), survived and testified against Torres at trial. Torres now argues that Royo's testimony was so incredible that it fails to support his conviction, and that the prosecution should have corrected Royo's false testimony.

Torres and Royo lived in the same Bronx apartment building. On the evening of May 15, 1997, Torres went to Royo's apartment to buy crack-cocaine. Royo sold drugs on behalf of an individual only identified as "George," who was in the apartment that evening. After selling Torres crack-cocaine, Royo and George teased and laughed at Torres for some of the things Torres had been saying to them.[1] Torres returned to Royo's apartment a few hours later (by then, the morning of May 16th) to purchase more crack-cocaine. According to Torres, the crack-cocaine he had purchased earlier in the evening did not burn properly. Royo was alone in the apartment at that time and, by his own account, high on cocaine. According to Royo, as he was weighing some more crack-cocaine for Torres, Torres shot Royo in the neck with a gun that had been laying in the apartment. Royo seized the gun from Torres, threw it out of the apartment window, and sought help from residents in another apartment in the building.

When the police arrived at the apartment building, they detained Torres and two other men whom they found in the lobby. The officers who found Royo wounded upstairs asked him what had happened. Royo told the police that, upon hearing a commotion, he went into the hallway where he discovered three unknown men, one of whom shot him. As the police brought Royo into the lobby on a stretcher, Royo told the police that the three detained men (including Torres) were not involved in the shooting. According to Royo, he made up this account to prevent the police from discovering the drugs in his apartment. Royo also stated he did not want Torres arrested because Royo planned to exact his own revenge. Later that morning in the emergency room, Royo again repeated this account to the police. Torres also initially denied that he had any involvement in the shooting, though he told the police he suspected the shooting was drug-related because Royo dealt in drugs.

At about noon on the day of the shooting, the police informed Royo, who was still recovering in the hospital, that he would be placed under arrest for the drugs found in his apartment. At that point, Royo changed his story and implicated Torres, whom the police arrested the next day. Torres also changed his story, telling the police that he had shot Royo in self defense. According to Torres's account, Royo and Torres argued about the allegedly poor-burning crack-cocaine, prompting Royo to pull the gun from his pocket. Torres testified at trial that he grabbed

---

**1.** According to the prosecutor, Torres was dropping the names of various gang members in an effort to demonstrate his street credibility with Royo and George, who laughed at Torres because they did not believe him. Upon Torres's motion *in limine,* the trial court excluded testimony as to the substance of Torres's conversation with Royo and George. The jury only heard Royo's testimony that he and George had been teasing and laughing at Torres. The jury also heard Torres's testimony denying the incident altogether.

and twisted Royo's raised arm, and then the gun fired. He testified that he ran to his apartment to change out of his bloody clothes, and then went downstairs to inform the doorman that there had been a shooting.

A jury convicted Torres on all counts. On appeal, Torres argued that his conviction was against the weight of the evidence and that his sentence was excessive. The Appellate Division affirmed his conviction, *People v. Torres*, 287 A.D.2d 302, 731 N.Y.S.2d 363 (1st Dep't 2001), and the Court of Appeals denied his application for leave to appeal. *People v. Torres*, 97 N.Y.2d 688, 738 N.Y.S.2d 304, 764 N.E.2d 408 (2001) (Table).

## II. *STANDARD OF REVIEW FOR A HABEAS PETITION*

■ Generally speaking, a petitioner is entitled to habeas relief if he can show he is in custody in violation of the United States Constitution or federal law. *See* 28 U.S.C. § 2254(a). The purpose of federal habeas review of state court convictions is to "assure that when a person is detained unlawfully or in violation of his constitutional rights he will be afforded an independent determination by a federal court of the legality of his detention, even though the issue may already have been decided on the merits by a state tribunal." *United States ex rel. Radich v. Criminal Court of New York*, 459 F.2d 745, 748 (2d Cir.1972).

The petitioner must demonstrate that he is in custody because of a state court decision which was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404–05, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

On habeas review, a "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner carries "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## III. *DISCUSSION*

Torres argues that the evidence sustaining his conviction was insufficient because Royo, the prosecution's key witness, was a drug dealer and an admitted liar, and because his story was implausible. Torres points out that Royo gave at least three versions of the shooting: one version to the police on the night of the shooting, a second version to the grand jury, and a third version at trial. Torres states that the drug dealer named "George" did not appear in Royo's story until the trial, and Torres suggests that George was inserted into Royo's story for the purpose of providing the jurors with a motive for the shooting.[2] Torres asserts that the jurors

**2.** According to Torres, the testimony regarding George bolstered the prosecution's theory that Torres shot Royo as part of a robbery. This argument is peculiar because there is no mention anywhere in the trial transcript of a robbery or robbery attempt. The prosecution's theory of the motive was that Torres was angry at Royo for the earlier teasing and for selling him defective crack-cocaine. The State's opposition brief before the Appellate

Division erroneously lists as one of the "QUESTIONS PRESENTED": "Whether defendant's guilt of first-degree *robbery* was proven beyond a reasonable doubt." (*See* Affidavit of William K. Clark, dated July 28, 2003 ¶ 13 and Ex. 2 at 2 (emphasis added).) In his reply brief to this Court, Torres concedes that his discussion of robbery as a motive was a mistake, rooted in the State's above-mentioned error. Noting that Torres is

would never have believed Torres shot Royo for no reason.

▮▮▮ Torres faces a formidable legal burden to prevailing on this petition. First, the Court must find that his conviction comports with Due Process so long as "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original). Second, the Court may only grant the petition if the New York courts "unreasonabl[y] appli[ed]" the extremely deferential *Jackson* standard in upholding Torres's conviction. 28 U.S.C. § 2254(d)(1).[3]

▮▮▮ After careful review of the record, the Court concludes that the New York courts' determination that a rational juror could have found Torres guilty was far from unreasonable.[4] Most importantly, the Court notes that all of Torres's challenges to Royo's credibility were before the jury for their consideration.[5] Because the Court must view the evidence, including credibility determinations, "in the light most favorable to the prosecution," *Jackson,* 443 U.S. at 319, 99 S.Ct. 2781, the Court views the evidence on the assumption that the jury believed Royo, even though he admitted to lying on other occasions. *Fagon v. Bara,* 717 F.Supp. 976, 979 (E.D.N.Y.1989) (holding that habeas court "is not free to make credibility judgments about the testimony presented at petitioner's trial or to weigh conflicting testimony"). Moreover, the Second Circuit has held that "the testimony of a single, uncorroborated eyewitness is generally sufficient to support a conviction." *United States v. Danzey,* 594 F.2d 905, 919 (2d Cir.1979). The Court concludes that a rational juror could have believed Royo's account of the shooting, and his account of why he initially lied to the police.

▮▮▮ Torres also appears to argue that the prosecution failed to correct Royo's false witness testimony, in violation of the Due Process Clause. In his reply brief, Torres states that he did not intend to raise this issue as a separate claim for relief. He characterizes this issue as a mere "personal opinion" intended to strengthen his main argument. (Reply Br. at 1–2.) This claim is neither independently meritorious, nor does it strengthen Torres's sufficiency claim. As an initial matter, because Torres never raised this issue in state court, it must be denied as unexhausted. *See* 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor,* 404 U.S. 270, 275–75, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Alterna-

proceeding *pro se,* the Court will endeavor to give a charitable reading to what is left of this line of argument. *See Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994) (interpreting *pro se* filings "to raise the strongest arguments that they suggest").

3. A due process challenge to the sufficiency of the evidence is a mixed question of law and fact, and therefore analyzed under § 2254(d)(1), not § 2254(d)(2). *See Overton v. Newton,* 295 F.3d 270, 277 (2d Cir.2002).

4. The Appellate Division opinion does not specifically mention the constitutional question of the sufficiency of the evidence under

the Due Process Clause, even though Torres raised it in his brief. The opinion does state, however, that Torres's conviction was not against the weight of the evidence (a state law issue), implying *a fortiori* that a rational juror could have found him guilty. *See Torres,* 731 N.Y.S.2d at 363.

5. Although Torres argues that the jury was unaware of Royo's arguably inconsistent grand jury testimony, the record indicates otherwise. On cross examination, Royo admitted that he did not mention to the grand jury that he ever sold drugs to Torres. (Tr. at 550.)

tively, as the above discussion indicates, Torres has failed to demonstrate that Royo's trial testimony was false, much less that the prosecutors knew it was false. *See Mooney v. Holohan,* 294 U.S. 103, 112–13, 55 S.Ct. 340, 79 L.Ed. 791 (1935) (holding that presentation of knowingly false testimony violates Due Process Clause).

## IV. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the petition of Rolando Torres ("Torres") for a writ of habeas corpus is denied.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

As Torres has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253; *Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 111–13 (2d Cir. 2000).