**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1887

DONALD S. GRAHAM,

Petitioner, Appellant,

v.

MICHAEL T. MALONEY,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy Gertner, U.S. District Judge]

Before

Boudin, Chief Judge,
Lipez and Howard, Circuit Judges.

Donald S. Graham, Memorandum in Support of a Certificate of Appealability pro se.

February 8, 2005

**Per Curiam**. Donald S. Graham, who was convicted after a jury trial in Massachusetts state court of murder in the first degree on the theory of extreme atrocity and cruelty, seeks a certificate of appealability (COA) to appeal from the district court's denial of his petition pursuant to 28 U.S.C. § 2254. He seeks a COA to pursue the four claims raised in his habeas petition:

> 1) ineffective assistance of counsel for failure to move to dismiss his indictment on the ground that his due process rights were violated by the presentation of false evidence to the grand jury;
>
> 2) ineffective assistance of counsel for failure to preserve an objection to the exclusion of evidence of the victim's criminal record;
>
> 3) due process violation by the district court's providing the jury with a tape-recording of supplemental instructions, without including a recording of the entire instructions; and
>
> 4) due process violation by the district court's admission into evidence of four cross-bows seized from defendant's home which were unrelated to the crime charged.

The district court denied the first two claims on the merits and the other two on procedural grounds. As to the claims which the district court denied on the merits, "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." Slack v. McDaniel, 529 US. 473, 484 (2000). As to the claims which the

-2-

district court denied on procedural grounds, without reaching the merits of the underlying constitutional claims,

> a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was wrong in its procedural ruling.

Id. Because petitioner has not satisfied the applicable COA standard as to any of the four claims, we deny his request for a COA.

## I. Ineffective Assistance Claims

Because this was a capital case, the Massachusetts Supreme Judicial Court applied the "miscarriage of justice standard" set forth in G.L.c. 278 § 33E to Graham's ineffective assistance claims. See Commonwealth v. Graham, 431 Mass. 282, 289 (2000). The SJC has held that the "miscarriage of justice" standard under § 33E is more favorable to defendant than the federal standard set forth in Strickland v. Washington, 466 U.S. 668, 688 (1984). See Commonwealth v. Wright, 411 Mass. 678, 682 (1992). Therefore, the SJC's determinations that Graham had not met the "miscarriage of justice" standard included within them determinations that he had not met the Strickland standard. See McCambridge v. Hall, 303 F.3d 24, 35 (1st Cir. 2002).

Graham's first ineffective assistance claim was based on his attorney's failure to file a motion to dismiss the indictment

on the ground that perjured testimony was presented to the grand jury. He relied upon allegations that there were inconsistencies between statements by a single witness which were presented and those not presented to the grand jury. The SJC rejected the claim on the reasoning that a motion to dismiss the indictment on such basis would not have succeeded. Specifically, it found that "there is nothing from which we could properly conclude that the statements were false and deceptive and knowingly introduced to the grand jury." Graham, 431 Mass. at 290. Graham's essential argument in support of his COA request as to this claim is that the SJC's finding in that regard was contrary to the evidence. The state court's factual finding is subject to considerable deference, however. On this record, reasonable jurists could not disagree with the district court's determination that Graham did not meet his burden of "rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254.

In his second ineffective assistance claim, Graham faults his trial attorney for failing to lay a foundation for admission of the evidence of the victim's criminal record, as he was invited to do by the trial judge. The SJC ruled that there was no ineffective assistance because the motion would not have succeeded, and the district court found that the SJC's reasoning and conclusion was not contrary to nor an unreasonable application of Strickland.

In support of his COA request as to this claim, petitioner appears to contend that a motion to admit the evidence would have succeeded if his attorney had argued that such evidence was admissible to impeach allegedly perjured testimony presented to the grand jury (a statement by the victim's passenger that the victim had no criminal record of violence). In support of that argument, Graham relies upon United States v. Augurs, 427 U.S. 97 (1976) and Mooney v. Holohan, 294 U.S. 103 (1935).

Reasonable jurists could not find debatable the district court's conclusion that the SJC did not unreasonably apply Strickland in light of the argument presented in this COA petition. As discussed above, reasonable jurists could not find that Graham met his burden of demonstrating by clear and convincing evidence that the grand jury testimony was knowingly false and deceptive. Moreover, petitioner has not claimed that the allegedly perjured testimony presented to the grand jury was offered at trial. Therefore, it could not have affected the jury's verdict, or resulted in a due process violation under Agurs.

## II. Claims Dismissed on Procedural Grounds

The district court ruled that Graham's claim regarding the tape-recorded jury instructions was procedurally defaulted and that he had failed to satisfy the cause and prejudice or "fundamental miscarriage of justice" standard. In support of his request for a COA, Graham contests the finding by the SJC that the

-5-

objection which counsel made to the tape-recorded jury instructions "was not adequate to alert [the trial judge] to the requirement that the tape recordings of jury instructions contain the whole instructions." Graham, 431 Mass. at 287 n.10. Based upon our review of the portion of the trial transcript on which Graham relies, reasonable jurists could not find it debatable whether counsel failed to raise in a contemporary objection the issue he raised in his habeas petition. Nor could reasonable jurists debate the district court's determination that the cause and prejudice and miscarriage of justice standards were not satisfied and that, therefore, Graham had failed to overcome the bar to habeas review that was created by his procedural default.

Graham's final habeas claim (of a due process violation resulting from the admission of cross bows seized from his apartment but unrelated to the charged crime) was denied by the district court on the ground that it was an unexhausted claim. "A claim of non-exhaustion presents a purely legal question, engendering de novo review." RaShad, 300 F.3d at 41. Petitioner bears the burden of proving that he exhausted the remedies available to him in state court by presenting this federal constitutional claim in his appeal to the SJC. See Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002).

Having reviewed Graham's SJC brief, we conclude that reasonable jurists could not find debatable the district court's

conclusion that petitioner did not meet his burden of demonstrating that he had exhausted state remedies with respect to this claim. That the brief cited only Massachusetts precedent to support his claim regarding the cross-bows is not necessarily fatal to his attempt to establish exhaustion. See id. at 54. However, the state cases cited by Graham do not address the federal due process issue that he has raised in his habeas petition. Therefore, reasonable jurists could not find it debatable that the citations to state cases were insufficient to establish the requisite probability that a reasonable jurist would have been alerted to the existence of the federal due process claim.

Graham's request for a COA is denied and the appeal is terminated.