**Jermaine PAGE, Petitioner–Appellant,**

v.

**Superintendent John W. BURGE, Respondent–Appellee.**

No. 08–2335–pr.

United States Court of Appeals, Second Circuit.

Aug. 24, 2009.

Paul Skip Laisure, of counsel to Lynn W.L. Fahey, Appellate Advocates, New York, NY, for appellant.

Keith Dolan, Assistant District Attorney, of counsel to Charles J. Hynes, District Attorney, Kings County (Leonard Joblove and Jacqueline M. Linares, Assistant District Attorneys, on the brief), Brooklyn, NY, for appellee.

Present: JOSEPH M. McLAUGHLIN, ROSEMARY S. POOLER, and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Jermaine Page appeals the district court's denial of his application for a writ of habeas corpus. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We review the state court's holding that Page effectively waived his right to appeal under the standard set by the Anti–Terrorism and Effective Death Penalty Act ("AEDPA") because Page's claim that his waiver was unintelligent, unknowing, and involuntary, was, in itself, a federal constitutional claim. *See Brown v. Greiner*, 409 F.3d 523, 533 (2d Cir.2005). In order for a federal court to grant habeas corpus in the face of a state court adjudication denying relief, it must find that the state court either reached a decision contrary to Supreme Court precedent, unreasonably applied Supreme Court precedent, or made "an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). The record in this case does not permit such a finding.

In urging otherwise, Page relied on cases holding that a prosecutor's knowing use of false evidence or failure to correct the record after learning that perjured testimony has been offered violates the Due Process Clause, *see Mooney v. Holohan*, 294 U.S. 103, 110, 112, 55 S.Ct. 340, 79 L.Ed. 791 (1935); *Alcorta v. Texas*, 355 U.S. 28, 31, 78 S.Ct. 103, 2 L.Ed.2d 9 (1957) (per curiam); *Napue v. Illinois*, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); *Giles v. Maryland*, 386 U.S. 66, 74, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967). The state court did not act unreasonably in declining to apply these precedents to this case, because there is no proof, only speculation, that the prosecution presented false evidence or perjured testimony, much less

884

than it had knowledge of such mendacity. We also agree with the district court that *Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935), warrants no different conclusion about the reasonableness of the state court's ruling. We find no merit in Page's argument that his waiver of appeal was invalid because he did not know of the existence of his due-process claim at the time of the waiver. We have held waivers of appeal to be enforceable "even though the grounds for appeal arose after the plea agreement was entered into." *Garcia–Santos v. United States,* 273 F.3d 506, 509 (2d Cir.2001), and Page identifies no Supreme Court precedent that required the N.Y. Appellate Division to conclude to the contrary. Finally, *Caldwell v. Mississippi,* 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), does not support Page's claim that his admission of guilt and waiver of appeal were involuntary because the prosecutorial comments in *Caldwell* were made before the jury, *see id.* at 325, 105 S.Ct. 2633, and Page failed to demonstrate that the jury heard or learned of the prosecutor's comments in this case.

Having identified no unreasonable application of Supreme Court precedent in the state court's decision holding that Page's waiver was valid, we have no need to reach the only merits claims raised on this appeal. In any case, that claims is virtually identical to the argument Page made for setting aside his waiver, which we have rejected.

For the reasons discussed, we affirm the judgment of the district court.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey, and