Justice Souter,
with whom Justice Ginsburg joins,
concurring.
I join the opinion of the Court and add this word to explain the issue that I understand we are remanding for further consideration. As the Court notes in its opinion, although respondent John Stumpf challenged both his conviction and his death sentence, his attack on the sentence was not always distinct from the issue raised about the conviction.
I understand Stumpf to claim that it violates the basic due process standard, barring fundamentally unfair procedure, to allow his death sentence to stand in the aftermath of three positions taken by the State: (1) at Stumpf’s sentencing hearing; (2) at the trial of Stumpf’s codefendant, Clyde Wesley; and (8) in response to Stumpf’s motion to withdraw his guilty plea in light of the State’s position at the Wesley trial. At the hearing on Stumpf’s sentence, the State argued that he was the triggerman, and it urged consideration of that fact as a reason to impose a death sentence. App. 186,188-189. The trial court found that Stumpf had pulled the trigger and did sentence him to death, though it did not state that finding Stumpf to be the shooter was dispositive in determining the sentence. App. to Pet. for Cert. 219a. After the sentencing proceeding was over, the State tried the codefendant, Wesley, and on the basis of testimony from a new witness argued that Wesley was in fact the triggerman, App. 282, and should be sentenced to death. The new witness was apparently unconvincing to the jury, which in any event was informed that Stumpf had already been sentenced to death for the crime; the jury rejected the specification that named Wesley as the *189 triggerman, and it recommended a sentence of life, not death. Stumpf then challenged his death sentence (along with his conviction) on the basis of the prosecution’s position in the Wesley case. In response, the State did not repudiate the position it had taken in the codefendant’s case, or explain that it had made a mistake there. Instead, it merely dismissed the testimony of the witness it had vouched for at Wesley’s trial, id., at 125, and maintained that Stumpf’s death sentence should stand for some or all of the reasons it originally argued for its imposition. At the end of the day, the State was on record as maintaining that Stumpf and Wesley should both be executed on the ground that each was the triggerman, when it was undisputed that only one of them could have been.
Stumpf’s claim as I understand it is not a challenge to the evidentiary basis for arguing for the death penalty in either case; nor is it a claim that the prosecution deliberately deceived or attempted to deceive either trial court, as in Mooney v. Holohan, 294 U. S. 103 (1935) (per curiam); nor does it implicate the rule that inconsistent jury verdicts may be enforced, United States v. Powell, 469 U. S. 57 (1984); Dunn v. United States, 284 U. S. 390 (1932). As I see it, Stumpf’s argument is simply that a death sentence may not be allowed to stand when it was imposed in response to a factual claim that the State necessarily contradicted in subsequently arguing for a death sentence in the case of a co-defendant. Stumpf’s position was anticipated by Justice Stevens’s observation 10 years ago that “serious questions are raised when the sovereign itself takes inconsistent positions in two separate criminal proceedings against two of its citizens,” and that “[t]he heightened need for reliability in capital cases only underscores the gravity of those questions ....” Jacobs v. Scott, 513 U. S. 1067, 1070 (1995) (citations and internal quotation marks omitted). Justice Stevens’s statement in turn echoed the more general one expressed by Justice Sutherland in Berger v. United States, *190 295 U. S. 78, 88 (1935), that the State’s interest in winning some point in a given case is transcended by its interest “that justice shall be done.” Ultimately, Stumpf’s argument appears to be that sustaining a death sentence in circumstances like those here results in a sentencing system that invites the death penalty “to be ... wantonly and ... freakishly imposed.” Lewis v. Jeffers, 497 U. S. 764, 774 (1990) (quoting Gregg v. Georgia, 428 U. S. 153, 188 (1976) (joint opinion of Stewart, Powell, and Stevens, JJ.); internal quotation marks omitted).
If a due process violation is found in the State’s maintenance of such inconsistent positions, there will be remedial questions. May the death sentence stand if the State declines to repudiate its inconsistent position in the codefend-ant’s case? Would it be sufficient simply to reexamine the original sentence and if so, which party should have the burden of persuasion? If more would be required, would a de novo sentencing hearing suffice?