OPINION *Page 2 
{¶ 1} On June 20, 2006, the Stark County Grand Jury indicted appellant, Matthew Manzell, on one count of domestic violence, a felony of the fourth degree, in violation of R.C. 2919.25. Said charge arose from an incident involving appellant and his wife, then fiancée, Shela Stevens. Ms. Stevens had reported to Stark County Sheriff Deputy Andrew Flowers that appellant had struck her, causing bruising and injury.
 {¶ 2} Prior to the preliminary hearing, Ms. Stevens signed a notarized statement recanting her allegations against appellant. Thereafter, Ms. Stevens was charged with filing a false report. She pled guilty and served thirty days in jail.
 {¶ 3} A jury trial commenced on August 10, 2006. Ms. Stevens testified on behalf of the state, claiming appellant had caused her injuries. The jury found appellant guilty as charged. By judgment entry filed August 16, 2006, the trial court sentenced appellant to eighteen months in prison.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED BY ADMITTING HEARSAY STATEMENTS."
 II {¶ 6} "THE APPELLANT WAS DENIED HIS RIGHT TO FAIR TRIAL DUE TO PROSECUTORIAL MISCONDUCT." *Page 3 
 III {¶ 7} "THE TRIAL COURT'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."
 I {¶ 8} Appellant claims the trial court erred in admitting hearsay statements. We disagree.
 {¶ 9} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 10} As a general rule, all relevant evidence is admissible. Evid.R. 402. However, under Evid.R. 802, hearsay is not admissible unless it falls under a recognized exception under Evid.R. 803 or 804. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C).
 {¶ 11} Appellant first challenges statements made by Christy Lee, the sister of Ms. Stevens. Ms. Lee testified a few hours after the incident, she observed Ms. Stevens's injuries and accompanied her to the hospital. T. at 141, 144. Ms. Stevens told Ms. Lee appellant "did this to her." T. at 145. Ms. Lee described Ms. Stevens as "withdrawn until after her mom got there and then she started crying." Id. *Page 4 
 {¶ 12} Under Evid.R. 803(2), a hearsay statement is admissible if it is an "excited utterance." An "excited utterance" is a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." In order to be admissible as an excited utterance under Evid.R. 803(2), "a statement must concern `some occurrence startling enough to produce a nervous excitement in the declarant,' which occurrence the declarant had an opportunity to observe, and must be made `before there had been time for such nervous excitement to lose a domination over his reflective faculties.* * *'" State v. Huertas (1990), 51 Ohio St.3d 22, 31, quotingPotter v. Baker (1955), 162 Ohio St. 488, paragraph two of the syllabus.
 {¶ 13} The Supreme Court of Ohio has emphasized "* * * an appellate court should allow a wide discretion in the trial court to determine whether in fact a declarant was at the time of an offered statement still under the influence of an exciting event." State v. Duncan (1978),53 Ohio St.2d 215, 219. "* * * [A]s the time between the event and the statement increases, so does the reluctance to find the statement an excited utterance." Id., quoting McCormick On Evidence (2 Ed.972) 706, Section 297. However, in State v. Taylor (1993), 66 Ohio St.3d 295, 303, the Supreme Court of Ohio noted "[t]here is no per se amount of time after which a statement can no longer be considered to be an excited utterance. The central requirements are that the statement must be made while the declarant is still under the stress of the event and the statement may not be a result of reflective thought." (Emphasissic.)
 {¶ 14} In permitting the complained of testimony, the trial court found Ms. Stevens "was still under the influence of the event." T. at 151. Based upon the fact that *Page 5 
Ms. Stevens was still wounded and scared from the incident at the time of her "excited utterance," and continued to be fearful of returning to her residence to obtain her belongings, we are not inclined to substitute our judgment for that of the trial court. T. at 141-142.
 {¶ 15} Appellant also argues Deputy Flowers should not have been permitted to testify that the inside of couple's residence "looked like an altercation had taken place," and the disarray was consistent with what Ms. Stevens had told him had occurred earlier. T. at 163-164. However, as the state aptly responds, the central issue for the jury was whether appellant caused the injuries to Ms. Stevens, not whether the residence sustained damage. We find appellant has failed to demonstrate prejudicial error in regard to the cited testimony of Deputy Flowers.
 {¶ 16} Upon review, we find the trial court did not err in admitting the complained of testimony.
 {¶ 17} Assignment of Error I is denied.
 II {¶ 18} Appellant claims he was denied his right to a fair trial because of prosecutorial misconduct. We disagree.
 {¶ 19} The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. State v. Lott (1990), 51 Ohio St.3d 160, certiorari denied (1990), 112 L.Ed.2d 596. In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the context of the entire trial. Darden v. Wainwright (1986), 477 U.S. 168. *Page 6 
 {¶ 20} In State v. Cox, Richland App. No. 02CA82, 2003-Ohio-5831, ¶ 95, quoting State v. Iacona (2001), 93 Ohio St.3d 83, 97,2001-Ohio-1292, this court reiterated the Supreme Court of Ohio's standard for a claim of prosecutorial misconduct based on the knowing use of false testimony during trial:
 {¶ 21} "`The knowing use of false or perjured testimony constitutes a denial of due process if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.'* * * Such a claim is in the nature of an allegation of prosecutorial misconduct, and the burden is on the defendant to show that `(1) the statement was actually false; (2) the statement was material; and (3) the prosecution knew it was false.'"
 {¶ 22} This court is aware of the troubling phenomenon of recantation of testimony by persons involved in domestic violence situations. We also recognize a prosecutor's "[a]wareness of the potential for different testimony at trial is far different * * * from the knowing presentation of false testimony at trial." State v. Florence, Montgomery App. No. 20439, 2005-Ohio-4508, ¶ 63. However, it is well-established that the prosecutor, as an agent of the state, has a constitutional duty to assure the defendant a fair trial. See, e.g., State v. Franklin
(March 12, 1992), Richland App. No. CA-2881, citing Mooney v.Holohan, (1965), 294 U.S. 103.
 {¶ 23} Appellant argues the prosecutor knowingly used perjured testimony regarding the testimony of Ms. Stevens. In its response brief, the state emphasizes Ms. Stevens was charged with falsification, not perjury. According to Deputy Flowers, the assistant city prosecutor "didn't ask enough questions to get a perjury charge against her, so a falsification charge was filed" based upon the original police report. T. *Page 7 
at 177, 185. Nonetheless, pursuant to Iacona, supra, our due process analysis is not obviated simply because Ms. Stevens was convicted of falsification rather than perjury.
 {¶ 24} We note under the modern Rules of Evidence, the "voucher rule" no longer exists, and a party may cross-examine its own witness pursuant to Evid.R. 607(A). We further note defense counsel did not object to the testimony. In fact, defense counsel cross-examined Ms. Stevens on her previous preliminary hearing testimony and the subsequent plea to falsification. T. at 124-137. The cross-examination further scrutinized her testimony by pointing out that at the time of the original complaint to the police, Ms. Stevens was on Vicodin. T. at 128.
 {¶ 25} Without an objection to Ms. Stevens's direct testimony on this issue, we have no record to review under the guidelines of Evid.R. 607(A). We further have no record evidence of what Ms. Stevens testified to before the grand jury, or that the recantation was not a surprise to the state.
 {¶ 26} An error not raised in the trial court must be plain error for an appellate court to reverse. State v. Long (1978), 53 Ohio St.2d 91; Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error.Long. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus.
 {¶ 27} Based upon the lack of a record to demonstrate this was not surprise testimony thereby establishing prosecutorial misconduct, and based upon the defense's strategy of attempting to destroy Ms. Stevens's testimony with the reading of the *Page 8 
preliminary hearing testimony twice to the jury, we cannot find any error of such manifest injustice to warrant a reversal.
 {¶ 28} Assignment of Error II is denied.
 III {¶ 29} Appellant claims his conviction was against the sufficiency and manifest weight of the evidence. We disagree.
 {¶ 30} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, following Jackson v.Virginia (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 31} Appellant was convicted of domestic violence in violation of R.C. 2919.25(A) which states, "No person shall knowingly cause or attempt to cause physical harm to a family or household member." *Page 9 
 {¶ 32} It is undisputed appellant and Ms. Stevens shared the same household during the time in question. T. at 105-106. At trial, Ms. Stevens clearly identified appellant as the perpetrator of her injuries, despite her indication that she had changed her story during the preliminary hearing in order to protect appellant from incarceration. T. at 108, 119. Ms. Lee and Deputy Flowers both testified as to their observations of Ms. Stevens's facial injuries following the incident. T. at 141, 161. The jury was presented with Ms. Stevens's medical records and photographs of her injuries. T. at 110-111; State's Exhibits 1A-1C and 2. In addition, the jury heard tape recordings of the conversations between appellant and Ms. Stevens concocting an alternate version of events which Ms. Stevens later admitted to be false. T. at 117-118.
 {¶ 33} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v.Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990),498 U.S. 881.
 {¶ 34} Upon review, we find there was sufficient evidence, if believed, to support the conviction for domestic violence, and find no manifest miscarriage of justice.
 {¶ 35} Assignment of Error III is denied. *Page 10 
 {¶ 36} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 Farmer, P.J., Edwards, J. concurs separately and Wise, J. dissents. *Page 11