**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OSCAR RODRIGUEZ,

Defendant - Appellant.

No. 12-56368

D.C. Nos.   2:12-cv-00412-RGK
2:05-cr-01111-RGK-3

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted February 3, 2015
Pasadena, California

Before: PREGERSON and NGUYEN, Circuit Judges, and WHALEY, Senior District Judge.[**]

Oscar Rodriguez appeals the denial of his petition pursuant to 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. §§ 1291, 2253(a), and 2255(d), and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Robert H. Whaley, Senior District Judge for the U.S. District Court for the Eastern District of Washington, sitting by designation.

First, the district court correctly concluded that the government did not violate its obligations under *Brady v. Maryland,* 373 U.S. 83 (1963), and its progeny.  Reviewing for clear error, *United States v. Zuno-Arce*, 339 F.3d 886, 888 (9th Cir. 2003), the district court properly found that the government made no promises to Julian Wiseman, Ryan Davis, or Oscar Johnson in exchange for their testimony.  The case agent and the Assistant United States Attorney handling the case both attested under penalty of perjury that no such promises were made, and the mere fact that the government moved to reduce these witnesses' sentences following their testimony does not demonstrate the existence of a promise of leniency in exchange for that testimony, *see United States v. Rodriguez*, 766 F.3d 970, 988-89 (9th Cir. 2014).  Without a promise of leniency, there is no "evidence . . . favorable to the accused . . . [that was] suppressed by the government," and therefore no *Brady* violation.  *See United States v. Sedaghaty*, 728 F.3d 885, 899 (9th Cir. 2013).

Similarly, even assuming, without deciding, that the government violated *Kyles v. Whitley,* 514 U.S. 419 (1995) by failing to discover and provide to defense counsel the recordings of Johnson's telephone calls, the district court reasonably concluded that the calls did not contain evidence of a promise of leniency.  This view is entitled to deference given that the district court observed Johnson's

2

testimony at two trials, including his explanation of the substance of his telephone conversations at the trial of Ralph Rocha. Moreover, the government disclosed to Rodriguez prior to his trial that Johnson, Davis, and Wiseman hoped to receive a reduced sentence, thereby giving Rodriguez the opportunity to impeach them on that basis. Therefore, any *Kyles* violation—assuming one occurred—did not sufficiently prejudice Rodriguez to warrant relief because it did not "put the whole case in such a different light as to undermine confidence in the verdict." *See id.* at 435.

The district court did not abuse its discretion, *see United States v. Chacon-Palomares*, 208 F.3d 1157, 1158–59 (9th Cir. 2000), in ruling on Rodriguez's *Brady* claim without an evidentiary hearing. The district court presided over the trials of Rodriguez and Rocha, and had an opportunity to observe the demeanor of Wiseman, Davis, Johnson, and the Assistant United States Attorney handling the case. As stated above, the case agent and the prosecutor submitted affidavits stating under penalty of perjury that no promises of leniency were made. By contrast, Rodriguez submitted no direct evidence of any promises of leniency. On this record, it was not an abuse of discretion to resolve Rodriguez's *Brady* claim without an evidentiary hearing. *Cf. Earp v. Ornoski*, 431 F.3d 1158, 1168–70 (9th Cir. 2005) (holding that, where petitioner submitted affidavits containing direct

3

evidence of prosecutorial misconduct, district court abused its discretion by finding them "inherently untrustworthy and not worthy of belief" without holding an evidentiary hearing).

Second, the government did not violate Rodriguez's due process rights by knowingly presenting false testimony, or failing to correct false testimony given during the course of his trial. *See Napue v. Illinois*, 360 U.S. 264, 269 (1959); *Mooney v. Holohan*, 294 U.S. 103, 112 (1935). Rodriguez's claim is grounded on his contention that the government promised leniency to Wiseman, Davis, and Johnson in exchange for their testimony. It lacks merit because, as stated above, the district court's finding that no promises were made is not clearly erroneous. Moreover, to the extent that the district court found that Johnson testified falsely at Rodriguez's trial as to whether he "expect[ed]" to receive a sentence reduction as a result of his testimony, the district court correctly found that this false testimony was not material because there is no "reasonable likelihood that the false testimony could have affected the judgment of the jury" as to Rodriguez's guilt. *See Rodriguez*, 766 F.3d at 990. In this regard, Johnson was impeached on numerous other bases during trial, including the fact that he previously received a sentence reduction in exchange for testimony in another proceeding, and the government's

4

case against Rodriguez included other evidence, apart from Johnson's testimony, establishing Rodriguez's guilt.

**AFFIRMED.**