18-3075-cv
*Azeez v. City of New York*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand nineteen.

PRESENT:    JOSÉ A. CABRANES,
            REENA RAGGI,
                        *Circuit Judges*,
            EDWARD R. KORMAN,
                        *District Judge.*[*]

---

JAMAL ADEEN AZEEZ,

                        *Plaintiff-Appellant*,                    18-3075-cv

                        v.

CITY OF NEW YORK, WILLIAM J. BRATTON, in his official capacity as the Commissioner of the NYPD, BRETT STRAUSS, Police Officer, Shield #7360, in his individual and official capacity,

                        *Defendant-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**                    Jamal Adeen Azeez, *pro se*, Jamaica, NY.

---

[*] Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR DEFENDANT-APPELLEE:**                     Daniel Matza-Brown, Assistant
Corporation Counsel (Kathy, Chang Park,
Assistant Corporation Counsel, *on the
brief*), *for* Zachary W. Carter, Corporation
Counsel of the City of New York, New
York, NY.

Appeal from an August 22, 2018 judgment of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Jamal Adeen Azeez ("Azeez"), proceeding pro se, appeals from an August 22, 2018 judgment of the District Court dismissing his action under 42 U.S.C. § 1983 and New York state law against the City of New York, then-New York City Police Commissioner William Bratton, and Police Officer Brett Strauss for, among other things, allegedly falsely accusing and convicting him of two traffic violations. Azeez alleged that, in issuing the tickets for the traffic violations, Strauss unlawfully discriminated and retaliated against Azeez for threatening to file a complaint against Strauss, and that Strauss committed perjury during the Department of Motor Vehicles hearings at which Azeez was found guilty of the traffic infractions. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

## I.      Waiver of Claims

Although we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted), and afford these litigants "some latitude in meeting the rules governing litigation," we "normally will not[ ] decide issues that a party fails to raise in his or her appellate brief." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (citations omitted). Moreover, "arguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief." *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005). Similarly,

we usually do not decide issues that an appellant raises only in passing. *See Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (explaining that pro se litigant "waived any challenge" to the district court's adverse ruling because brief mentioned ruling only "obliquely and in passing").

Upon review of the record on appeal, we conclude that Azeez has waived most of his claims. Specifically, Azeez does not reference, let alone challenge, the dismissal of his: (1) claims against Bratton; (2) claims under the Fifth, Sixth, and Eighth Amendments; and (3) § 1983 claims against the City. Nor does Azeez challenge the District Court's ruling declining to exercise supplemental jurisdiction over his state law claims. Accordingly, all of those claims are waived. *See Moates*, 147 F.3d at 209. The same conclusion obtains with respect to Azeez's claims for malicious abuse of process, which he raises only in his reply brief, *see J.P. Morgan Chase Bank*, 412 F.3d at 428, and, even there, only "obliquely and in passing," *Gerstenbluth*, 728 F.3d at 142 n.4.

Furthermore, without much factual or legal elaboration, Azeez references in one sentence his: (1) retaliation and discrimination claims; and (2) argument that Strauss's supervisors should have been held accountable for concealing Strauss's past misconduct. We conclude that these one-line references are insufficient to preserve the claims on appeal and thus hold that they are similarly waived. *See Gerstenbluth*, 728 F.3d at 142 n.4.

## II.      Substantive Due Process

The Due Process Clause "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) (internal quotation marks omitted). "In order to establish a violation of a right to substantive due process, a plaintiff must demonstrate not only government action but also that the government action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Charles v. Orange Cty.*, 925 F.3d 73, 85 (2d Cir. 2019) (internal quotation marks omitted). "[C]onduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).

More specifically, the Supreme Court has long held that an individual has the right to be free from a conviction purposefully obtained by false evidence and false testimony. *See Mooney v. Holohan,* 294 U.S. 103, 112 (1935) ("[Due process] is a requirement that cannot be deemed to be satisfied by mere notice and hearing if a state has contrived a conviction through the pretense of a trial which in truth is but used as a means of depriving a defendant of liberty through a deliberate deception of court and jury by the presentation of testimony known to be perjured.").

We agree with the District Court that there is no legal or factual basis to support Azeez's contention that Strauss committed perjury during his testimony at the hearings of the Department

of Motor Vehicles. Strauss's statements evince, at most, minor inconsistencies immaterial to the issue of whether Azeez committed the traffic violations, for example, the exact location where Strauss may have been parked before he pulled Azeez over to ticket him, where Azeez was pulled over, or whether Strauss remembered any previous contact with Azeez. More critically, however, Azeez has provided no evidence of Strauss's intent to provide false testimony in order to contrive a conviction against Azeez. Accordingly, the inaccuracies or inconsistencies relied upon by Azeez do not rise to a "conscience-shocking level" and thus cannot support a claim that Azeez's substantive due process rights were violated. *Cty. of Sacramento*, 523 U.S. at 849.

### III.    Malicious Prosecution

To prevail on a § 1983 claim for malicious prosecution, "a plaintiff must show a violation of his rights under the Fourth Amendment, and must establish the elements of a malicious prosecution claim under state law." *Manganiello v. City of New York*, 612 F.3d 149, 160–61 (2d Cir. 2010) (internal citations omitted). New York law requires a plaintiff to demonstrate that "(1) the defendant initiated a prosecution against plaintiff, (2) without probable cause to believe the proceeding can succeed, (3) the proceeding was begun with malice[,] and[ ] (4) the matter terminated in plaintiff's favor." *Rentas v. Ruffin*, 816 F.3d 214, 220 (2d Cir. 2016) (internal quotation marks omitted).  Further, "[i]n order to allege a cause of action for malicious prosecution under § 1983, [the plaintiff] must assert, in addition to the elements of malicious prosecution under state law, that there was (5) a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000) (emphasis omitted).

We hold that Azeez cannot prevail on a claim for malicious prosecution because, among other things, Azeez has failed to satisfy the first and fourth elements of his claim. The first element requires "the initiation or continuation of a *criminal* proceeding against plaintiff." *Manganiello*, 612 F.3d at 161 (internal quotation marks omitted) (emphasis added). But Azeez has not shown that a criminal prosecution has been initiated against him. Nor could he, since the underlying traffic infractions are not a crime. *See* N.Y. Veh. & Traf. L. § 155 ("A traffic infraction is not a crime[.]"). That fact alone is fatal to Azeez's malicious-prosecution claim.

Even assuming, for the sake of argument only, that the traffic infractions could constitute "a prosecution" against Azeez, he has not satisfied the fourth element of the claim, as Azeez was found guilty of each traffic infraction, and thus "the matter [did not] terminate[ ] in [his] favor." *Rentas*, 816 F.3d at 220.

### IV.    Procedural Issues

Azeez also makes a variety of procedural arguments, which we reject as meritless. Azeez asserts that the District Court failed to liberally construe his pro se pleadings when it denied all of his motions and granted summary judgment in Defendants' favor.  But contrary to Azeez's

4

assertion, the District Court went to significant lengths to liberally construe his claims and arguments. For example, when Azeez failed to address most of his claims in his opposition to Defendants' motion for summary judgment, the District Court nevertheless analyzed Azeez's claims on the merits. The District Court also rejected as inappropriate Defendants' arguments that Azeez's motion for summary judgment should be denied on procedural grounds because he did not file the accompanying statement required in Federal Rule of Civil Procedure 56.1. Indeed, we have not found anything in the record supporting Azeez's view that the District Court did not afford him sufficient latitude as a pro se litigant. Nor does Azeez direct us to any such evidence.

Azeez also argues that the magistrate judge erred in denying his motion for entry of default and default judgment against Strauss, and that the District Court erred in affirming that order. But Azeez's argument was based on his mistaken belief that Strauss had defaulted, when he had not. By order of the magistrate judge, who granted a consent motion for extension of time to answer the original complaint, Defendants' answers were due on May 9, 2019. The magistrate judge noted that the extension was appropriate because it would not cause undue delay and would enable counsel for the City of New York to decide if it was also going to represent Strauss. The District Court agreed that the magistrate judge was well within her power to grant the extension. In short, because Strauss had not defaulted, we find no error in the denial of Azeez's request for entry of default and default judgment.

**CONCLUSION**

We have reviewed all of the remaining arguments raised by Azeez on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 22, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court