**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2429-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JESUS DEJESUS, a/k/a
JESUS T. FLORES,
JESUS DE JESUS,
JESUS FLORES,
JESUS TORRES-FLORES,
JESUS TORRES, and
JAMES DEJESUS,

     Defendant-Appellant.

_____

> Submitted January 10, 2024 – Decided January 31, 2024
>
> Before Judges Vernoia and Gummer.
>
> On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 12-09-0693.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Amira Rahman Scurato, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Ali Y. Ozbek, Assistant Prosecutor, of counsel and on the brief).

Appellant filed pro se supplemental briefs.

PER CURIAM

Defendant Jesus DeJesus appeals from an order dismissing his post-conviction relief (PCR) petition following an evidentiary hearing on claims his trial and appellate counsel provided ineffective assistance and the trial court committed errors resulting in a violation of his constitutional rights. Unpersuaded by defendant's arguments, we affirm.

I.

A grand jury returned an indictment charging defendant with first-degree armed robbery, N.J.S.A. 2C:15-1(a)(1) and (2); second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); and second-degree possession of a weapon by a convicted person, N.J.S.A. 2C:39-7(b). A jury convicted defendant on all the charges and the court imposed an aggregate twenty-year sentence subject to the requirements of the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed defendant's conviction and sentence on his direct appeal, State v. DeJesus, No. A-4464-15 (App. Div. May 24, 2018) (slip op. at

11), and the Supreme Court denied defendant's petition for certification, State v. DeJesus, 236 N.J. 115 (2018).

The evidence presented at defendant's trial established that on June 19, 2012, the victim was seated on a bench on a Paterson street when an individual approached her from behind, held a gun to her face, and threatened to kill her if she did not hand over her purse. When the victim refused, the individual pulled her to the ground and attempted to wrestle the purse from her while dragging her approximately one hundred feet down the sidewalk. The individual pulled the bag off the victim's shoulder and began running. The victim testified she began feeling severe pain the night of the incident and continued to feel chronic pain at the time of trial.

Two witnesses saw the altercation and chased the individual. They followed him as he ran down the street and through a Passaic County College building, eventually catching the individual as he attempted to scale a wall. The witnesses pulled him from the wall and held him until police arrived. He was later identified as defendant.

Police officers arrested defendant and retrieved the purse from where the witnesses held defendant. The victim testified at trial that when she had been asked during her police interview to make an identification, she had said, "I

A-2429-21

didn't see him until the police came back and asked me if [the bag they had retrieved] was my purse and there was a man inside [the police car] and [t]he [officer said] was this the guy? I told him I think so" because "he has my purse, so it must have been him."

The witnesses positively identified defendant as the perpetrator when the police arrived at the scene. A police officer returned to Passaic County College and retrieved a gun from a campus security officer who had placed it under a traffic cone after responding to a report an "item" was dropped and observing it on the floor outside the college's cafeteria. It was later determined to be a pellet gun.

At the police station following defendant's arrest, Detective Robert Pleasant conducted separate recorded interviews with the victim and each of the witnesses. During their interviews, the witnesses identified defendant as the perpetrator in a single photograph shown to them by Detective Pleasant. The detective did not prepare a report following the interviews and, although the State had made contact with him prior to trial, Detective Pleasant reportedly had retired to Florida and refused to testify at trial.

4

During the pretrial Wade[1] hearing on defendant's motion to suppress the witnesses' out-of-court photo identifications of him, his counsel noted that recordings of the empty interview room during the minutes prior to one of the witness's entry into the room for his recorded interview included audio of what appeared to be a discussion by unidentified individuals.[2] Trial counsel asserted that although the recording picked up, in part, statements made prior to the witness's entry into the room for his interview, the transcript of the recording did not include those statements and that failure should be a fact considered by the court in its determination of defendant's motion to suppress the out-of-court identifications made during the recorded interviews of the witnesses.

The court granted defendant's Wade motion. The court analyzed the admissibility of the witnesses' recorded out-of-court identifications of defendant during their interviews with Detective Pleasant under the principles established by the Supreme Court in State v. Henderson, 208 N.J. 208 (2011), and entered

---

[1]  United States v. Wade, 388 U.S. 218 (1967).

[2]  A third witness also made a pretrial out-of-court identification of defendant based on a presentation of a photograph of defendant by Detective Pleasant. It was unnecessary for the motion court to address the admissibility of that witness's out-of-court identification because he was unavailable to testify at trial. The parties also had agreed that the victim's identification of defendant was not at an issue at the Wade hearing, and, as a result, the motion court did not make any findings concerning the victim's identification of defendant.

an order suppressing the witnesses' identifications of defendant during those recorded interviews.

Following our affirmance of defendant's convictions and sentence on his direct appeal, and the Supreme Court's denial of his petition for certification, defendant timely filed a pro se PCR petition. Defendant generally alleged trial counsel was ineffective by failing to: adequately confront the witnesses presented by the State at trial; call favorable witnesses; object to the admission in evidence of the victim's purse; call "a key witness," Detective Pleasant, and question him "about material facts in his incident report"; and obtain an audio expert to determine what, if anything, could be heard on the recording prior to one of the witness's entry into the interview room for his interview with Detective Pleasant.

In a supplementary verified petition, defendant reprised the claims in his initial petition and further asserted trial and appellate counsel were ineffective by failing to: "review and attack substantial exculpatory evidence"; provide defendant with complete discovery materials; challenge the admissibility of evidence concerning the victim's alleged injuries; call certain witnesses defendant claimed would have provided exculpatory testimony; and seek

6

vacatur of his sentence and a reversal of his conviction. After reviewing defendant's petitions, the court ordered an evidentiary hearing.

Defendant testified at the hearing and called trial counsel as a witness. Defendant testified trial counsel was ineffective by failing to provide him with complete discovery and that, following his trial, he had obtained from the Paterson Police Department—through service of an Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, request—documents he had not been provided prior to trial. Defendant did not describe the information contained in the newly obtained documents or offer any testimony, evidence, or arguments establishing a reasonable probability that had he been provided the documents prior to trial, the result of the trial would have been different.

Defendant also testified counsel was ineffective by failing to object at trial to the victim's testimony concerning injuries she had suffered during the robbery and by failing to obtain records related to her injuries. Again, defendant neither provided testimony, nor presented any other evidence, explaining the content of the purported records or establishing that had he been provided the records prior to the trial, there is a reasonable probability they would have altered the outcome of the trial.

A-2429-21

Defendant further testified that following trial, he had obtained a dispatch record from the Paterson Police Department that did not show a particular officer—whom defendant did not identify—had arrived at the scene of the robbery. Defendant testified the dispatch record therefore contradicted a State claim at trial that the officer was at the robbery scene. Defendant did not identify the officer, explain the significance of the officer's presence at the scene, or otherwise establish that had trial counsel obtained and provided him with the dispatch record prior to trial, the result of the proceeding would have been different.

Defendant next testified trial counsel was ineffective by failing to obtain an audio expert to extract otherwise indecipherable statements from the portion of the recording of the empty interview room prior to the entry of one of the witnesses into the room for his interview. However, other than defendant's testimony that extraction of the otherwise indecipherable voices on the recording might have yielded exculpatory evidence, defendant offered no competent evidence the extraction was possible or would have been successful, or that if it had been successful, there is a reasonable probability it would have yielded evidence that would have changed the trial outcome.

A-2429-21

During his testimony, defendant asserted trial counsel was ineffective by losing the <u>Wade</u> motion, but the record shows defendant won the <u>Wade</u> motion and the court had entered an order suppressing the challenged out-of-court identifications—those which were provided by the witnesses during their recorded interviews with Detective Pleasant. Defendant further generally testified trial counsel was ineffective by failing to: move to dismiss the indictment; challenge the witnesses' in-court identifications of him; and move to suppress the victim's purse and photos of the gun. Other than defendant's conclusory assertions trial counsel was ineffective based on those purported errors, defendant neither offered testimony nor any other evidence establishing trial counsel's alleged errors constituted a constitutionally deficient performance or demonstrating a reasonable probability that but for the alleged errors, the result of the trial would have been different.

Following the evidentiary hearing, the court issued a written decision, detailing defendant's testimony supporting his ineffective assistance of counsel claims and concluding defendant had failed to sustain his burden of establishing his claims under the two-pronged standard established by the United States Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and adopted by our Supreme Court for application under the New Jersey Constitution in <u>State</u>

v. Fritz, 105 N.J. 42 (1987). The motion court entered an order denying defendant's PCR petition, and this appeal followed.

Defendant's counsel's brief presents the following arguments for our consideration:

> POINT I
>
> BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR PCR.
>
> A.   LEGAL STANDARDS GOVERNING APPLICATIONS FOR [PCR].
>
> B.   TRIAL COUNSEL WAS INEFFECTIVE.
>
> C.   APPELLATE COUNSEL WAS INEFFECTIVE.

Defendant's pro se supplemental letter brief presents the following arguments[3]:

---

[3]  Defendant's pro se reply brief includes additional arguments not properly incorporated in point headings as required by Rule 2:6-2(a)(6), including claims concerning third-party guilt, chain-of-custody, fruit of the poisonous tree, prosecutorial misconduct, suggestive identification, and a lack of evidence supporting his convictions. Although we are not obligated to consider legal arguments that are not properly presented in accordance with Rule 2:6-2(a), Almog v. Isr. Travel Advisory Serv., Inc., 298 N.J. Super. 145, 155 (App. Div. 1997), or that are improperly asserted for the first time on appeal in a reply brief, Bacon v. N.J. State Dep't of Educ., 443 N.J. Super. 24, 38 (App. Div. 2015), we nonetheless have considered all the arguments asserted in defendant's pro se briefs, as well as those in his counsel's brief.

POINT I

JURY'S VERDICT AND [DEFENDANT'S] CONVICTION W[ERE] AGAINST THE WEIGHT OF THE EVIDENCE IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ALSO TO ARTICLE I PARA[S] 9, 10 OF THE NEW JERSEY CONSTITUTION AND [ARE] THE [RESULT] OF INEFFECTIVE ASSISTANCE OF COUNSEL.

POINT II

JUDGE FAILED [THEIR] DUTY AS [AN] IMPARTIAL TRIBUNAL VIOLATING DEFENDANT'S RIGHT TO DUE PROCESS AND A FAIR TRIAL BY GIVING ERRONEOUS JURY INSTRUCTIONS INCLUDING MISINSTRUCTION ON ELEMENTS OF [THE] OFFENSE AND TRIAL COUNSEL FAILED TO OBJECT TO THE ABSENCE OF PROPER JURY INSTRUCTIONS.

POINT III

JUDGE'S ERROR WAS CONTRARY TO APPRENDI V. NEW JERSEY, [530 U.S. 466 (2000)]. IN HIS IMPLEMENTING [OF] [DEFENDANT]'S JURY CHARGE, JURY INSTRUCTION ON FLIGHT WITHOUT THERE BEING ANY FORM OF INDICTMENT ON SUCH CHARGE WITH NO ADMISSION FROM [DEFENDANT] HIMSELF ON SAID CHARGE, TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO SAID ERRONEOUS JURY INSTRUCTION.

11

POINT IV

DEFENSE COUNSEL FAILED DUTY AS UNTRAMMELED LITIGANT ON DEFENDANT'S BEHALF VIOLATING DEFENDANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION.

In defendant's pro se reply brief, he presents the following arguments:

POINT I

[DEFENDANT] SUBMITS THAT THE CHARGE TO HIS JURY WAS ILLEGAL AND FLAWED IN ADDRESSING THE POSSESSION CHARGE [] SUFFICIENT TO SUSTAIN A CONVICTION ON ALLEGED "POSSESSION OF A GUN" THUS HIS CONVICTION AND SENTENCE MUST BE REVERSED WITH PREJUDICE. THE ERRONEOUS JURY CHARGE DEPRIVED [DEFENDANT] AND HIS JURY OF A "PROXIMITY CHARGE" AS THE N.J. SUPREME CT. [H]AD DEALT WITH IN STATE V. PENA, [178 N.J. 297 (2004)].

POINT II

NEW JERSEY STATE COURTS MUST BECOME IN COMPLIANCE WITH 5TH AMEND. COLLATERAL CONSEQUENCES RULE[—]IN ORDER TO PROTECT [DEFENDANT]'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO A FUNDAMENTALLY FAIR JURY TRIAL AND TO BE LEGALLY ABLE TO ARTICULATE SUCCESSFUL MERITORIOUS ARGUMENT[S] SURROUNDING INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS.

12

## POINT III

[DEFENDANT] SUBMITS THAT THE PROFFER HEREIN VALIDATES HIS GROSS INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS FROM TRIAL COUNSEL, APPEAL COUNSEL AND PCR COUNSEL CONTRARY TO HIS 6TH AND 5TH AMEND. U.S. CONST. RIGHTS, AS ARTICULATED AS WELL IN N.J. CONST. ART. I, PARA[S]. 1, 8, 9 & 10 – WHERE [DEFENDANT] WAS ILLEGALLY DEPRIVED RECORDINGS OF THE CONVERSATIONS OUTSIDE THE INTERROGATION ROOM AS PART OF THE RECORDED RECORD ON THE [FOUR] DVD[]S THAT [WERE] PROVIDED WHERE COMMENTS OVERHEARD WERE VERY REVEALING OF OFFICERS ATTEMPTING TO ELICIT PREJUDICIAL COMMENTS FROM WITNESSES AND COERCING WITNESSES IN WHAT TO SAY, THIS WAS A VIOLATION OF [DEFENDANT]'S FUNDAMENTAL LIBERTY INTEREST TO PREPARE FOR A FAIR JURY TRIAL WITH UNHAMPERED INTERFERENCE SUFFICING A DEFENSE AGAINST RESPONDENT'S ALLEGATIONS CONTRARY TO THE U.S. CONST. 14TH AMEND.

A. [DEFENDANT] SUBMITS THAT CONTENT OF INTERNAL THE INTERNAL CONVERSATIONS & EXTERNAL CONVERSATIONS REPRESENT EFFICIENT, ACCURATE & RELIABLE DATA ON THE [FOUR] DVD[]S, AND DENIAL WAS A DEPRIVATION TO HIS DEFENSE—CONTRARY TO HIM BEING LEGALLY AND CONSTITUTIONALLY ENTITLED TO HAVE TRANSCRIPTION OF BOTH INTERNAL CONVERSATIONS [AND] EXTERNAL CONVERSATIONS PURSUANT TO HIS 5TH

13

AMEND. [AND] 14TH AMEND. U.S. CONST. AND N.J. CONST. ART. I, PARA[S]. 1, 8, 9 & 10.

B. THE PUBLIC DEFENDER'S OFFICE (CENTRAL OFFICE/ APPELLATE SECTION) RENDERED GROSS INEFFECTIVE ASSISTANCE OF COUNSEL IN ALLOWING [DEFENDANT]'S COUNSEL [] TO START A JURY TRIAL WITH SIGNIFICANT INADEQUACIES IN THE TRIAL TRANSCRIPTS [AND] RECORDS CONTRARY TO [DEFENDANT]'S 14TH AMEND. U.S. CONST. RIGHTS VIOLATING DUE PROCESS CLAUSE, EQUAL PROTECTION CLAUSE AND FUNDAMENTAL PROTECTIONS OF THE N.J, CONST. ART. I, PARA[S]. 1, 8, 9 & 10.

POINT IV

THE PROSECUTOR[]S IN THE CASE AT BAR CREATED AN ATMOSPHERE OF MISCONDUCT IN VIOLATION OF [DEFENDANT]'S U.S. CONST. 14TH AMEND. RIGHTS TO A FUNDAMENTAL FAIR JURY TRIAL, GRAVELY CONTRARY TO THE SEMINAL HOLDING IN MOONEY V. HOLOHAN, [294 U.S. 103 (1935)].

A. THE PROSECUTOR'S OFFICE COMMITTED GRAVE PROSECUTORIAL MISCONDUCT IN KNOWINGLY, INTELLIGENTLY [AND] WITH DELIBERATE ILL-INTENTION, ALLOW[ING] [DEFENDANT]'S TRIAL TO PROCEED WITH SIGNIFICANT INADEQUACIES IN THE TRIAL EVIDENCE, TRANSCRIPTS/RECORDS [AND] SAME WAS NEVER CORRECTED PRIOR TO THE START OF TRIAL.

## II.

We review a PCR court's conclusions of law de novo. State v. Nash, 212 N.J. 518, 540-41 (2013). Where, as here, the court has conducted an evidentiary hearing on a PCR petition, we defer to the "court's factual findings based on its review of live witness testimony," id. at 540, because of its "'opportunity to hear and see the witnesses and to have the feel of the case, which a reviewing court cannot enjoy,'" State v. Nuñez-Valdéz, 200 N.J. 129, 141 (2009) (citations omitted). We must affirm the PCR court's factual findings unless they are not supported by "sufficient credible evidence in the record" and "'are so clearly mistaken "that the interests of justice demand intervention and correction."'" Ibid. (citations omitted).

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee a defendant in a criminal proceeding the right to the assistance of counsel in their defense. The right to counsel requires "the right to the effective assistance of counsel." Nash, 212 N.J. at 541 (quoting Strickland, 466 U.S. at 686).

To establish a prima facie case of ineffective assistance of counsel, a defendant must show a "reasonable likelihood" of success under the two-prong test outlined in Strickland. State v. Preciose, 129 N.J. 451, 463 (1992); see also

Strickland, 466 U.S. at 694; Fritz, 105 N.J. at 58. The Strickland test requires that defendant show (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment" and (2) counsel's "deficient performance prejudiced the defense." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). "With respect to both prongs of the Strickland test, a defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012) (citations omitted). If a defendant fails to sustain his burden under either prong of the standard, a defendant's ineffective assistance of counsel claim fails. Strickland, 466 U.S. at 687.

Under the first prong, a defendant must show "counsel's acts or omissions fell outside the wide range of professionally competent assistance considered in light of all the circumstances of the case." State v. Allegro, 193 N.J. 352, 366 (2008) (citation omitted). Our analysis under the first prong is highly deferential to counsel. State v. Arthur, 184 N.J. 307, 318-19 (2005) (citing Strickland, 466 U.S. at 689). There is "'a strong presumption' that [counsel] provided reasonably effective assistance" and counsel's "decisions followed a sound strategic approach to the case[,]" State v. Pierre, 223 N.J. 560, 578-79 (2015) (quoting

16

Strickland, 466 U.S. at 689), even when a strategic decision turns out to be a mistake, State v. Buonadonna, 122 N.J. 22, 42 (1991).  A defendant may rebut the presumption of effectiveness by proving trial counsel's actions were not "sound trial strategy."  Arthur, 184 N.J. at 319 (quoting Strickland, 466 U.S. at 689).

Under the second Strickland prong, a defendant must "affirmatively prove" "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  State v. Gideon, 244 N.J. 538, 551 (2021) (quoting Strickland, 466 U.S. at 693-94).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (citations omitted).  Proof of prejudice under Strickland's second prong "is an exacting standard."  Id. at 551 (quoting Allegro, 193 N.J. at 367).  A defendant "must affirmatively prove prejudice" in a PCR petition to satisfy the second prong of the Strickland standard.  Ibid. (quoting Strickland, 466 U.S. at 693).

Defendant's counseled and pro se briefs include numerous arguments, all of which we have carefully considered.  For purposes of clarity, we consider them separately as claims of ineffective assistance of trial counsel and of alleged violations of his constitutional rights, including claims of ineffective assistance

of appellate counsel as they pertain to the alleged violations of constitutional rights. We consider the arguments included in each of those categories in turn.

A.

Defendant argues trial counsel was ineffective by failing to conduct a proper pretrial investigation. More particularly, defendant claims trial counsel failed to: consult with an audio or sound expert to determine if any communications that were otherwise inaudible or indecipherable on the recordings from the interview room could be recovered or extracted from the recordings; obtain reports from the Paterson Police Department that defendant procured following his trial pursuant to an OPRA request; investigate facts in the police officers' incident reports; challenge testimony regarding the victim's injuries; and investigate "third-party guilt."

Where a defendant alleges trial counsel inadequately investigated a case, the defendant must present competent evidence establishing what an investigation would have revealed. State v. Porter, 216 N.J. 343, 355 (2013). And, as noted, a defendant must present evidence establishing an ineffective assistance of counsel claim by a preponderance of the evidence. See Gaitan, 209 N.J. at 350.

Here, defendant did not present any evidence at the evidentiary hearing establishing what the claimed omitted investigations would have revealed. That is, defendant presented no evidence establishing that had his counsel consulted with an audio expert, pertinent information could have been, or would have been, extracted from the recordings. Similarly, defendant failed to demonstrate what investigations of "third-party guilt," the reports from the Paterson Police Department, and police incident reports would have revealed. And defendant's conclusory claims—in his testimony and briefs on appeal—that counsel should have conducted those investigations are insufficient to sustain his burden of proving by a preponderance of the evidence trial counsel's performance was deficient under Strickland's first prong. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (explaining "bald assertions" are insufficient to support an ineffective assistance of counsel claim). Counsel's performance is not deficient by failing to conduct an investigation that would have not revealed anything that mattered. See, e.g., State v. O'Neal, 190 N.J. 601, 619 (2007) (holding "[i]t is not ineffective assistance of counsel for defense counsel not to file a meritless motion").

Defendant's claims trial counsel was ineffective by failing to conduct the investigations and challenge the victim's testimony about her injuries also fail

because defendant did not affirmatively establish there is reasonable probability that but for counsel's alleged errors, the result of defendant's trial would have been different. <u>Gideon</u>, 244 N.J. at 551. Indeed, defendant did not present any evidence at the hearing, and points to no evidence in his briefs on appeal, establishing that he suffered prejudice under <u>Strickland</u>'s second prong as a result of trial counsel's alleged failures to investigate any of the matters or issues he raised in his petition or the evidentiary hearing. For those reasons, we affirm the PCR court's rejection of defendant's claim his trial counsel was ineffective by failing to conduct proper pretrial investigations.

Defendant's other claims regarding trial counsel's ineffectiveness fail for similar reasons. Defendant argues the PCR court erred by rejecting his claim trial counsel had been ineffective by failing to object on chain-of-custody grounds to the admission of the purse the victim identified at trial as having been stolen from her during the robbery and the gun recovered from the building the witnesses testified they had chased defendant through, and by failing to object to the admissibility of the purse and gun on grounds they should have been suppressed as "fruits of the poisonous tree." We find the claims without sufficient merit to warrant discussion in a written opinion, <u>R.</u> 2:11-3(e)(2), beyond the following brief comments.

20

The fruit of the poisonous tree doctrine requires the suppression of evidence seized as the result of a constitutional violation or based on evidence seized as the result of a constitutional violation.  See, e.g., Wong Sun v. United States, 371 U.S. 471, 485 (1963); State v. Hemenway, 239 N.J. 111, 139 (2019). Defendant argues trial counsel should have moved to suppress the purse and gun as fruits of the poisonous tree because the court had determined at the Wade hearing that the witnesses' out-of-court identifications of defendant were inadmissible.  The fruit of the poisonous tree doctrine, however, is inapplicable to the seizure of the gun and purse because they were recovered by the police prior to the witnesses' out-of-court identifications and, therefore, could not have been fruits of those improperly obtained identifications.

Lacking any factual or legal bases supporting a valid suppression motion under the fruit of the poisonous tree doctrine, trial counsel's failure to move to challenge the admissibility of the gun and purse on those grounds was not deficient performance under Strickland's first prong.  O'Neal, 190 N.J. at 619; see also State v. Worlock, 117 N.J. 596, 625 (1990).  Defendant therefore also could not, and did not, demonstrate prejudice under Strickland's second prong based on counsel's purported errors.

Similarly, defendant presented no evidence establishing a valid basis for an objection to the admission of the gun and purse on chain-of-custody grounds. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent of the evidence must present evidence sufficient to support a finding that the item is what its proponent claims." N.J.R.E. 901. The State bore that burden as to the gun and purse.

To establish a proper foundation for admission of gun and purse, the State was required to "show[ ]. . . an uninterrupted chain of possession" of each. State v. Brunson, 132 N.J. 377, 393 (1993). "[W]here the incriminating object has passed out of the possession of the original receiver and into the possession of others, the 'chain of possession' must be established to avoid any inference that there has been substitution or tampering." State v. Brown, 99 N.J. Super. 22, 27 (App. Div. 1968) (citation omitted).

The hearing record lacks any evidence establishing a valid basis supporting an objection to the admission of the gun and purse on chain-of-custody grounds. The police maintained possession of the gun following its recovery after the robbery, and the victim retained the purse after it had been returned to her following the robbery. Again, trial counsel was not ineffective by failing to interpose a baseless objection to the admission of the evidence,

Cummings, 321 N.J. Super. at 170, and defendant did not present evidence establishing a reasonable probability that but for counsel's failure to interpose the objection, the result of his trial would have been different, Gideon, 244 N.J. at 551.

Defendant also failed to sustain his burden under Strickland on his conclusory claims counsel had been ineffective by failing to properly cross-examine witnesses and by failing to anticipate that the State would introduce evidence concerning the victim's injuries. Defendant does not point to any evidence establishing trial counsel did not properly cross-examine witnesses or did not anticipate the State would present evidence concerning the victim's injuries. But, even if he had, defendant did not affirmatively prove by a preponderance of the evidence that he suffered any prejudice under Strickland's second prong as a result of the purported errors. Ibid.

In sum, defendant's claims trial counsel was ineffective consist of nothing more than conclusory assertions. See Cummings, 321 N.J. Super. at 170. None of the claims is supported by evidence establishing trial counsel did not function "as the 'counsel' guaranteed . . . by the Sixth Amendment" or that counsel's alleged errors "prejudiced the defense." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). Defendant failed to establish by a preponderance

of the evidence that trial counsel had been ineffective under the <u>Strickland</u> paradigm.  We therefore affirm the PCR court's rejection of those claims.

B.

Defendant also vaguely argues he is entitled to PCR because he was denied his right to a fair trial due to prosecutorial misconduct, errors in the jury charge on the possessory weapons offenses, a lack of sufficient evidence supporting his convictions, and the absence of DNA or fingerprint evidence establishing he had possessed the gun that was recovered and introduced in evidence.  We reject the claims for a number of separate but equally dipositive reasons.

First, defendant's claim he was denied his right to a fair trial due to alleged prosecutorial misconduct—alleged inflammatory remarks by the State during closing arguments at trial—is barred under <u>Rule</u> 3:22-5, which provides that "[a] prior adjudication upon the merits of any ground for relief [in a PCR petition] is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceedings brought pursuant to" <u>Rule</u> 3:22.  Under the Rule, an argument is precluded from consideration "if the issue raised is identical or substantially equivalent to that adjudicated previously on direct appeal."  <u>State v. Marshall</u>, 173 N.J. 343, 351 (2002) (citations omitted).

Defendant raised his prosecutorial misconduct claim on direct appeal. He argued that the prosecutor's inflammatory comments during summation, including "[i]t's your turn, get involved, convict on all charges, ladies and gentlemen" amounted to prosecutorial misconduct. DeJesus, slip op. at 6. We "strongly condemn[ed]" the prosecutor's comments, id. at 8, but determined they had been fleeting and "not so egregious as to have deprived defendant of a fair trial[,]" id. at 9 (citing State v. Smith, 167 N.J. 158, 181 (2001)). Thus, because we considered and rejected the claim the comments had deprived defendant of a fair trial, he is precluded from relitigating the issue on his PCR petition. Marshall, 173 N.J. at 351; R. 3:22-5.

We are unpersuaded by defendant's remaining claims that he was denied his right to a fair trial. We discern no error in the court's jury instructions on the possessory weapons offenses. The absence of DNA evidence or fingerprint evidence showing defendant possessed the gun presented a jury issue as to the strength of the State's evidence, but it did not deny defendant a fair trial. And, defendant makes no showing that any purported failure to provide him with discovery—certain police reports—prior to trial resulted in a violation of his right to a fair trial because defendant did not establish that the alleged failure to provide the reports deprived him of exculpatory evidence or prevented him from

presenting an available defense. Cf. State v. Szemple, 247 N.J. 82, 100-01 (2021) (citation omitted) (finding "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").

We also reject defendant's claim he was deprived of a fair trial as result of the trial court's cumulative errors. Because we have determined defendant was not deprived of any rights affecting his entitlement to a fair trial, he is unable to establish there is any cumulative error that rendered either his trial or the jury's verdict unfair. State v. Jenewicz, 193 N.J. 440, 473 (2008).

We note defendant also argues appellate counsel was ineffective by failing to assert on direct appeal the claims he now makes in support of his contention he was denied a fair trial. The argument fails because appellate counsel was not ineffective by failing to make meritless arguments on appeal, see, e.g., O'Neal, 190 N.J. at 619, and, for the reasons we have explained, defendant's claims he was denied a fair trial lack support in the law and facts.

To the extent we have not expressly addressed any of defendant's remaining arguments, we find they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

26

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2429-21